Nov. Term,
1840.

Hoskins
v.
Tarrence.

</div>

---

## Hoskins *v.* Tarrence.

A key, though in the lock of a door in a house, is the subject of larceny; and words charging a person with stealing it are actionable.

APPEAL from the *Montgomery* Circuit Court.

Dewey, J.—This was an action of slander. The words laid in the declaration to have been spoken by the defendant of the plaintiff, among others, are, " he broke into my room and stole the key." Plea, not guilty. Verdict and judgment for plaintiff. There was evidence that the defendant said of the plaintiff " he broke into a room of my house, and stole the key out of the door." The defendant moved the Court to instruct the jury, " That the key in the lock of the door of a house, and belonging thereto, is part of the realty, and not the subject of larceny, unless the same is first severed from the realty by one act, and then stolen by another and distinct act." The Court refused the charge.

This refusal gives rise to a question not free from technical difficulties. It was antiently decided in *England* that charters and other assurances of real estate, and the chest in which they were kept, savoured so much of the realty, that they could not be the subjects of theft. But it was held in a later case, that a window-sash not hung or beaded into the frame, but fastened there by laths nailed across so as to prevent it from falling out, was the subject of larceny. *Rex* v. *Hedges,* 1 Leach, C. C. 201. It is not easy, on principle, to

<div style="text-align:right">

*Thursday,*
*November 26.*

</div>

Vol. V.—53

Nov. Term, 1840.

HOSKINS v. TARRENCE.

reconcile these decisions. The latter case turned on the point, that the temporary fastening of the window-sash did not make it a fixture. Certainly title papers, and the trunk which contains them, are not fixtures. They are as removable as any kind of personal property. But such papers descend to the heir, or pass to the purchaser of the estate to which they belong. There is good reason why they should do so; the safety of titles, of which they are the evidence, requires it. But would not the window-sash have taken the same course in the event of a descent cast, or alienation, of the house to which it was attached? We see no necessary or reasonable connection between the rule that title papers shall pass with the estate, and the principle which has been made to exclude them from the possibility of being feloniously stolen. Indeed, the spirit of that very rule—having the security of title for its object—is violated by withholding from the evidences of title the protection of criminal justice. If all the technical consequences of considering charters and deeds as a part of the real estate were to be carried out, their owner, if dispossessed, would be obliged to resort to an action of ejectment, or writ of right, to recover them—a conclusion scarcely more absurd, than the doctrine that they cannot be the subjects of larceny, which is itself nothing but a technical deduction, and not very fairly drawn, from the premises assumed as its foundation. There are, certainly, various purely personal chattels, which at common law go to the heir, with regard to which theft may be committed, namely, some species of heir-looms, and things in the nature of heir-looms—such as carriages, tables, utensils, and furniture, coat-armour, and pennons, &c. On the contrary, there are things which go to the executor, the taking of which with whatever intent is but trespass, and not larceny. Emblements not severed from the ground are of this character. But reasoning, analogous to that which excludes charters and deeds, though they have no actual connection with the freehold, from being the subjects of larceny—because they pass with the real estate—would include within those subjects emblements, for they follow the personalty, though they are attached to the soil.

It is true that the keys of a house follow the inheritance;

and the writers who lay down this doctrine make no distinction between keys in the lock, and those in the pockets of their owners. They are, nevertheless, not fixtures, but personal property, which, from a rule of law founded on public convenience, like title papers, go with the land. And as no decision, so far as we know, has as yet ranked them among the articles upon which larceny cannot be committed, and as we see no good reason for carrying the doctrine of exemption farther than it has already gone, we feel at liberty, upon the authority of *Rex* v. *Hedges, supra,* as well as on principle, to decide that as " personal goods," they are within the purview of our statute relative to crime and punishment, and are the subjects of theft. R. S. 1838, p. 207.

The Circuit Court committed no error in refusing the instruction to the jury which was asked for by the defendant.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*R. C. Gregory,* for the appellant.

*H. S. Lane* and *S. C. Willson,* for the appellee.