# Holly *v.* The State.

### *Indictment for Larceny.*

1. *Grand larceny, indictment for; when sufficient.*—Under section 3706 Revised Code, as amended by the act of February 20th, 1875—which makes the stealing of "any part of an outstanding crop of corn or cotton," grand larceny, without regard to the value of the part taken,—an indictment charging that the defendant "feloniously took and carried away fifteen years of corn, a portion of an outstanding crop, the personal property of William Russell," &c., is not assailable on the ground that it fails to aver the corn taken was not previously severed from the stalk, or that the corn was part of an outstanding crop, or that it was the personal property of the person, laid as owner in the indictment.

2. *Same.*—In general, an indictment pursuing the terms of a statute creating an offense, unknown to the common law, is sufficient, and it is the better practice to follow the exact words of the statute. The use of the . word "*portion,*" however, instead of the word "*part,*" used in section 3706, Revised Code, does not vitiate an indictment under it.

APPEAL from Circuit Court of Coffee.

Tried before Hon. HENRY D. CLAYTON.

By the act of February 20th, 1875, the stealing of "any *part* of an outstanding crop of corn or cotton" was made grand larceny, without regard to the value of the part stolen. Under this act the defendant was indicted for "feloniously taking and carrying away fifteen years of corn, a *portion* of an outstanding crop, the personal property of William Russell," &c., and upon a verdict of guilty, sentence was pronounced upon him. The rendition of sentence upon the verdict, is now assigned as error.

W. D. ROBERTS, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

BRICKELL, C. J.—The most approved definition of larceny, at common law, is that given by Mr. East, in his Crown Laws: "The fraudulent or wrongful taking and carrying away by any person of the mere personal goods of another, from any place, with a felonious intent to convert them to

VOL. LIV.

his (the taker's) own use, and make them his own property, without the consent of the owner."—2 East, 524; 3 Green. Ev. § 150. An indispensable constituent of the offense thus defined, is, that the thing taken must be of goods personal, and not of chattels real, or such as are annexed to the freehold. Corn, grass, trees, and the like, adhering to the freehold, were not the subjects of larceny, but the severance of them (according to Blackstone) "was, and in many things is still, merely a trespass which depended on a subtility in the legal notions of our ancestors. These things were parcels of the real estate, and, therefore, while they continued so, could not by any possibility be the subject of theft, being absolutely fixed and immovable." As to the time intervening between the severance and the asportation, which would make them separate acts, instead of one continuous act, nice distinctions were made. Sometimes it was held a day must intervene between the severance and the asportation, to make them separate acts, because the law does not recognize a fraction of a day. The better doctrine, however, is, as stated by Mr. Bishop, that no particular space of time is necessary, only the two acts must be so separated as not to constitute one transaction.—2 Bish. Cr. Law, § 679. When by one act the thing was severed from the freehold, and by another distinct act it was carried away with the criminal intent, though before severance it was part of the freehold, it was the subject of larceny. This rule of the common law has been modified from time to time in England, by acts of parliament, so as to afford protection to things fixed to the freehold, as they became the objects of criminal severance and asportation, and were from their nature exposed to it. The rule was never satisfactory, and the courts in modern times, were inclined to confine it within the narrowest limits.—*Hoskins v. Torrence*, 5 Black. 417; *Jackson v. State*, 11 Ohio St. 104.

The statutes of this State do not define larceny; the stealing of certain things, or of any property other than that particularly enumerated beyond a certain value, is declared grand larceny. The stealing of property of any value from any building on fire, or which was removed in consequence of an alarm of fire; or, the stealing from designated places, of any personal property exceeding in value fifty dollars, is also declared grand larceny.—R. C. §§ 3706-7. The stealing of any other personal property, under other circumstances, is declared petit larceny.—R. C. § 3708. At the last session of the General Assembly, the statutes were amended so as to convert the stealing of "any part of an outstanding crop of corn or cotton," into grand larceny, without regard

to the value of the part taken. The frequency of such dep-
redations on outstanding crops, rendered legislation for their
protection necessary; as such legislation was rendered neces-
sary in England, and in other States of the Union.

Under this amended statute, an indictment was preferred
against the appellant, charging that he "feloniously took and
carried away fifteen ears of corn, a portion of an outstand-
ing crop, the property of William Russell," &c. It is now
urged the indictment is insufficient to support a conviction,
because it does not aver the corn taken was not previously
severed from the freehold—because there is no averment
that it was the personal property of William Russell—be-
cause it is not averred the corn was part of an outstanding
crop. The indictment pursuing the words of the statute de-
scribes the thing taken, as a *portion* of an outstanding crop.
It varies from the exact words of the statute only in substi-
tuting the word *portion* for *part.* We see no reason for the
substitution of the one word for the other. It is the better
practice to follow the exact words of the statute, though in
the particular instance their equivalents may be sufficient.
*Portion,* as here employed, is the equivalent of the statutory
word *part,* and equally with it, describes the act in which
the offense consists. A distinct averment that the corn was
not, at the time of the felonious taking, severed from the
freehold, was not necessary. The statute makes it larceny
to steal a thing, not the subject of larceny at common law.
The general rule is, that in an indictment under such a
statute, the statutory term must be used, and is sufficient.—
2 Bish. Cr. Pr. 731. The purpose of the statute was to con-
vert the severance and asportation of a standing crop—a
crop not severed from the freehold—into a criminal offense.
Before the statute, under the common law, it was a mere
trespass. The felonious taking and carrying away corn, or
other produce of the soil, which the owner had severed
from the freehold, was larceny at common law. It was per-
sonal property, and as essentially the subject of larceny, as
any species of personal property. The allegation that the
corn stolen was part of an *outstanding crop,* excludes the idea
of its severance. It involves the fact that it was not sev-
ered; and that there was severance and asportation as one
continuous act, constituting the trespass of the common
law. Proof of nothing less will satisfy the averment.

Nor was it necessary to describe the corn as personal
property. Such a description of it would perhaps have been
improper. It is properly described as the property of the
supposed owner, and thereby it is shown to be the subject
of larceny under the statute. The last objection, that the

corn is not averred to be part of an outstanding crop, is unfounded in fact.

We find no error in the record, and the judgment must be affirmed.