# Gregg v. The State.

## Indictment for Larceny.

1. *Larceny of "outstanding crop of corn or cotton;" averment and proof of value.*—The larceny of "part of an outstanding crop of corn or cotton" being made a felony by statute (Sess. Acts 1874-5, p. 259), without regard to the value of the articles stolen, no averment or proof of value is necessary in a prosecution for such larceny ; while, in a prosecution for petit larceny (Rev. Code, § 3708), such averment and proof are indispensable.

2. *Same; conviction of petit larceny.*—Under an indictment for such statutory offense, there can not be a conviction of petit larceny, since a growing crop was not the subject of larceny at common law, and the only offense created by the statute is grand larceny ; and a verdict of guilty of petit larceny, under such an indictment, is an acquittal of the statutory felony, and a bar to another prosecution for the same offense ; yet, if the stolen corn or cotton had been previously severed from the realty by a separate act, and was afterwards stolen by the defendant, he might be prosecuted for such petit larceny.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN K. HENRY.

The indictment in this case contained but a single count, which charged that the defendant, Tony Gregg, "feloniously took and carried away fifty ears of corn, a part of an outstanding crop of corn, the property of Joe Ezell and Mrs. Patsy McConnell." The jury returned a verdict of "guilty of petit larceny," assessing the value of the stolen corn at twenty-five cents, and imposing a fine of one hundred dollars. The defendant moved in arrest of judgment, and to be discharged notwithstanding the verdict, because the indictment did not allege the value of the stolen corn, nor aver that it had any value. The court overruled these motions, and the defendant excepted.

S. J. CUMMING, for the defendant.—1. The indictment charged the defendant with statutory grand larceny, and he was convicted of petit larceny. Even if no averment of value was necessary to a conviction of the statutory felony, it was indispensable to a conviction of the less offense.—*Prindeville v. People*, 42 Ill. 217 ; *Sheppard v. The State*, 42 Ala. 531 ; Bishop on Stat. Crimes, § 427 ; Bishop on Crim. Pro., vol. 1, §§ 541, 567 ; Archb. Crim. Pl. & Pr. (6th ed.) 364, note 1 ; 2 Hale's P. C. 183 ; 3 Chitty's Crim. Law, 947*a* ; *Crawford v. The State*, 44 Ala. 382 ; *Norris v. The State*, 50 Ala. 126 ; *Webb v. The State*, 52 Ala. 422 ; *Merrill v. The State*, 45 Miss. 651 ; *Wolf v. The State*, 49 Ala. 359.

[Gregg v. The State.]

2. The motion in arrest of judgment should have been sustained.—*Blount v. The State*, 49 Ala. 381; *Martin v. The State*, 28 Ala. 71; *Hope v. Commonwealth*, 9 Metc. Mass. 134; *Gore v. The State*, 34 N. H. 510; *Atkins v. The State*, 16 Ark. 568; *Rex v. Lookup*, 3 Burr. 1901; 4 Bla. Com. 375; 1 Archb. Crim. Pl. & Pr. (6th ed.) 178–81; 1 Bishop's Crim. Pro. § 1108.

3. The verdict was an acquittal of the statutory offense, and the defendant ought to have been discharged notwithstanding the verdict.—*Bell & Murray v. The State*, 48 Ala. 684; *Coleman v. The State*, 3 Ala. 14; *Martin v. The State*, 28 Ala. 72.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—Under the act to amend section 3706 of the Revised Code of Alabama (Pamph. Acts of 1874–5, p. 259), several articles and chattels are numerated, the larceny of which is made a felony, without any reference to their value; and then there is added this clause: "and any person who steals any personal property, other than that hereinbefore enumerated, exceeding twenty-five dollars in value, is guilty of grand larceny." The stealing of any of the enumerated articles is made grand larceny *per se*, no matter what may be the value of the article stolen. In fact, as to the articles named, value is not made an ingredient of the offense. "Part of an outstanding crop of corn," is one of the enumerated articles. In an indictment for the larceny of part of an outstanding crop of corn, as for the larceny of a horse, mare, gelding, &c., it is not necessary to aver that such article had any value.—*Gabriel v. The State*, 40 Ala. 357; *Yarborough v. The State*, 41 Ala. 405. It results from what we have said, that if the prisoner was shown to be guilty of stealing the corn charged, part of the outstanding crop of corn, the property of Joe Ezell and Mrs. Patsy McConnell, he could and should have been convicted of the felony, without any averment or proof of value.

But the statute we have been construing, so far as it relates to an outstanding crop of corn or cotton, creates a new offense, unknown to the common law. Corn or cotton growing, or unsevered from the feehold, partakes of the nature of the realty, and, in the absence of the statute, is not the subject of larceny.—1 Washb. Real Prop. 6; 2 Whar. Amer. Cr. Law, §§ 1751–2. The statute which created this offense, defined its grade, and declared the punishment therefor. There is no statute, or principle of the common law, which declares that it is a public offense to take or carry away growing or ungathered corn, under any circumstances other than those

which, under the act of February 20, 1875, make it a felony, and punish it as such. It follows from this, that while an outstanding crop of corn or cotton may be the subject of felonious larceny, it can not be the subject of petit larceny.

There is another fatal objection to the present conviction. While the statute declares it is felony to steal any part of an outstanding crop of corn or cotton, without reference to its value, there is no such provision as to any of the subjects of petit larceny.—See section 3708, Revised Code. An indictment for the offense last named must aver some value of the article alleged to be stolen; and the proof must show that it was valuable.— *Wilson's case,* 1 Por. 118; *Sheppard v. The State,* 42 Ala. 531; 2 Bish. Cr. Proc. § 713. The present indictment contains no averment of value.

The principles declared above render it necessary that we reverse the judgment of conviction in this case. The verdict of the jury in this record operates an acquittal of the accused of the felony charged. He can not be again put on trial for that offense.—1 Brick. Dig. 518, §§ 985–6; *Bell & Murray v. The State,* 48 Ala. 684. In one possible contingency, a new indictment may be preferred against defendant, and a trial had for petit larceny; on none other, growing out of the act for which he was tried. That contingency is, that the corn had been broken or severed from the realty, and was afterwards, by an act separable from the breaking, stolen by defendant. This would constitute petit larceny. Should it be known that the supposed case can not be made out in proof, it will be useless to put the prisoner again on trial; and it will be alike due to him and to the public that he be set at liberty.

Reversed and remanded. Let the prisoner remain in custody, until discharged by due course of law.