## S. Harberger *v.* The State.

1. **Theft.** — The common-law rule that, to constitute theft of an article attached to the realty, there must be a severance prior to the asportation, does not obtain in this state. Under our law the act of severance converts the article into a chattel, and, no matter how instantaneous its removal may be, the taking is theft if done without the consent of the owner and with a larcenous intent.

2. **Same.** — The removal of rails from a fence, without the owner's consent, and with a larcenous intent, is theft.

3. **Jurisdiction.** — Accused was tried for theft, in the District Court, on an indictment which alleged the property to be worth more than $20; but the jury found him guilty of theft of property worth less than $20, and, therefore, assessed his penalty as for a misdemeanor. He moved in arrest of judgment, on the ground that, the verdict being for a misdemeanor, the District Court had no jurisdiction.. But *held*, that the jurisdiction is determined by the indictment, and that being for a felony, the District Court had jurisdiction, and the motion in arrest was properly overruled.

Appeal from the District Court of Parker. Tried below before the Hon. J. A. Carroll.

No brief for the appellant.

*W. B. Dunham*, for the State.

Ector, P. J.   The defendant was charged by indictment with a felony, to wit, the theft of 700 rails, valued at $5 per hundred. He was tried, and was convicted of a misdemeanor, and took an appeal to this court. There are

only three questions raised on the record which we deem it necessary to notice in this opinion.

The evidence shows that the rails taken by the defendant were the property of William Spracklin, the person named in the indictment as the owner, and were taken from his fence. It is insisted on the part of the defendant that the act proven (if any) was not a theft, but only a trespass; that the rails, when taken, were a part of the realty, and, therefore, were not the subject of theft.

The old rule, that the severance and asportation of things annexed to realty should be distinct and several acts, does not obtain in this state. In the case of *Willke*, Ex parte, 34 Texas, 155, the applicant was charged with the theft of eleven doors. It was proved that the doors, when taken from the owner, were fastened by hinges to her unoccupied house, and that the accused soon afterwards sold them in a neighboring village. It was held, on *habeas corpus*, that, though the doors were part of the realty, and not the subject of theft as long as they were attached to the house, yet, when severed from the house, they became personal property, and as such were the subject-matter of theft; and even if it had been proved that they were taken from the hinges by the accused, yet his subsequent asportation and conversion of them, without the owner's consent, and with the intent to deprive her of their value, constituted theft in a legal, as well as a moral, sense.

We find in the books much subtle reasoning in respect to the difference between trespass and larceny in this class of cases. From an early period in English jurisprudence, it has been held that in consequence of the stable and permanent nature of real estate, an injury to it is not indictable at common law; and, therefore, it is not larceny to steal anything adhering to the soil. Hence it was held that if a person, with a felonious intent, severs and carries away apples

from a tree, or the tree itself, or growing grass or grain, or copper or lead attached to a building, the offense is only a trespass.  But if the thing had been previously severed from the soil, whether by the owner or by a third person, or even, on a previous occasion, by the thief himself, it has thus become personal property.  This rule involved many technical niceties which have resulted in what appears to us to be pure absurdities.  We see no good reason why we should not hold the sensible rule, as was done by our Supreme Court, that by the act of the severance the thief converts the property into a chattel.; and if he then removes it with a felonious intent, he is guilty of larceny, whatever may be the dispatch employed in the removal.

Mr. Wharton, in treating of this matter, holds that at common law larceny cannot be committed of things which savor of the realty, though when severed the rule is otherwise ; and that no particular space is necessary between the severance and the appropriation, only that the two acts must be separated by time, so as not to constitute one transaction.  He says it is " otherwise, however, with articles which do not adhere to the freehold, and which may be removed without injury."  2 Whart. Cr. Law, 1753.  Thus, a key in the lock of a door of a house has been held to be the subject of larceny.  5 Blackf. 417.  And in an Ohio case the doctrine was laid down as follows : " The rule of the common law, that things savoring of the realty are not subjects of larceny, applies only to things issuing out of, or growing upon, the lands, and such as adhere to the freehold, but not to personal chattels which are constructively annexed thereto — as, a leathern belt connecting certain wheels in a saw-mill — and which may be removed readily and without injury."  · Jackson ·v. The State, 11 Ohio St. 104.  See, also, 35 Cal. 671.

The grade of the offense as charged in the indictment

determines the jurisdiction, and the motion in arrest of judgment was properly overruled. Act June 16, 1876, sec. 3 (Gen. Laws, 18).

The charge of the court upon the presumption arising from recent possession of the stolen property was not excepted to, and, we believe, was not calculated, in view of all the evidence, to prejudice the rights of the appellant; and, therefore, does not entitle him to a reversal of the judgment. *Foster* v. *The State*, 1 Texas Ct. App. 363; *Johnson* v. *The State*, 1 Texas Ct. App. 610; *Alderson* v. *The State*, 2 Texas Ct. App. 10.

The judgment of the District Court is affirmed.
*Affirmed.*