# Pinckard *v.* The State.

*Indictment for Larceny of Growing Crop.*

62  167
100  58
62  167
107  137

1. *Petit larceny; what indictment will not support conviction for.*—Under the statute making it a felony to steal any corn or cotton, "part of any outstanding crop"—this not being the subject of larceny at common law, and the statute having made it punishable as grand larceny only—there can be no conviction of petit larceny, though such part of the outstanding crop be described as the personal property of another, of value less than the amount necessary to constitute grand larceny.

APPEAL from Lee Circuit Court.

Tried before Hon. W. B. WOOD.

The appellant, Lee Pinckard, Sr., was tried and convicted under an indictment which charged that he "feloniously took and carried away one hundred and fifty pounds of cotton, being a part of the outstanding crop, and of the value of more than five dollars, the personal property of Wm. White, against the peace," &c. The jury found the defendant "guilty of petit larceny," and assessed a fine of "one hundred and fifty dollars," and judgment was rendered accordingly. The indictment contained but a single count, and was demurred to as charging two separate and distinct offenses in the same count. The demurrer was overruled.

H. C. LINDSEY, for appellant.—The demurrer to the indictment ought to have been sustained.

This indictment is not provided for by the Code.

The two offenses are not of the same character, nor subject to the same punishment.

The case of *Gregg v. The State,* establishes that under an indictment for taking and carrying away a part of the outstanding crop, no conviction for petit larceny can be had.

Where certain acts are made *grand larceny* by statute, the new offense does not contain the elements of petit larceny.

H. C. TOMPKINS, Attorney-General, *contra.*

MANNING, J.—In *Gregg v. The State,* (55 Ala. 116,) it was decided that under an indictment for the statutory offense of stealing corn or cotton, "part of any outstanding crop,"—since this was not the subject of larceny at common law, and the statute made it punishable as grand larceny

only—a verdict of guilty of petit larceny could not be lawfully rendered.

The present case does not materially differ from that. The charge against defendant is, that he "feloniously took and carried away 150 pounds of cotton, being a part of the outstanding crop * * * * of William White."

Calling this personal property while yet part of an outstanding crop, or mention of its value at a low sum, did not justify the verdict that was rendered. It is equivalent to an acquittal of the statutory offense, and was unauthorized as a verdict for petit larceny, that crime not being charged.

Let the judgment be reversed and the cause be remanded.