# Smitherman v. The State.

### Indictment for Larceny of Part of Growing Crop of Corn.

1. *Larceny of growing corn or cotton.*—An outstanding crop of cotton or corn—that is, cotton or corn growing, or unsevered from the freehold—is by statute made the subject of grand larceny (Code, § 4358) ; but it is not the subject of petit larceny, either at common law, or by statute, being regarded as realty, or a part of the freehold.

2. *Same ; sufficiency of indictment.*—An indictment which charges that the defendant "feloniously took and carried away one peck of corn, a part of an outstanding crop of corn, of the value of twenty-five cents, the personal property of H.," is self-contradictory, and fatally defective ; and neither of the descriptive averments can be struck out as surplusage.

FROM the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case contained two counts. The first charged, that the defendant "feloniously took and carried away one peck of corn, a part of an outstanding crop of corn, of the value of twenty-five cents, the personal property of Ned Jones, *alias* Edward Jones, and William Hurt ;" and the second, that he "feloniously took and carried away one peck of corn, a part of an outstanding crop of corn, the personal property of Harris Waller." The defendant demurred to the whole indictment, and to each count separately, on the ground that they were self-contradictory and repugnant, and charged no offense. The court overruled the demurrer, and

[Smitherman v. The State.]

he then pleaded not guilty ; on which plea issue was joined. The verdict of the jury was, " guilty as charged in the indictment;" and the court, thereupon sentenced the defendant to hard labor for the county for two years.

THOS. SEAY, for the defendant.—The two descriptive averments of the indictment—that the stolen corn was " part of an outstanding crop of corn," and that it was "personal property "—are repugnant and inconsistent with each other ; and the court has no authority to strike out either as surplusage.

H. C. TOMPKINS, Attorney-General, for the State.—Each count of the indictment charges that the stolen corn was " part of an outstanding crop of corn ;" and the sufficiency of this averment is not affected by the additional averment that it was personal property, or that it was of the value of twenty-five cents.   The averments may be regarded as superfluous, and stricken out.—1 Wharton's Amer. Crim. Law, §§ 293, 622 ; Stedman v. The State, 7 Porter, 495 ; Commonwealth v. Eastman, 4 Gray, 416 ; Regina v. Radley, 1 Dennison, 453 ; Rex v. Morris, 2 Leach, C. C. 525 ; Commonwealth v. Moseley, 2 Va. Cases, 154.   It may well be contended that, so far as the offense is concerned, the statute makes an outstanding crop personal property.

MANNING, J.—By a statute of this State it is enacted, that "any person who steals . . . . any part of any outstanding crop of corn or cotton, . . . . is guilty of grand larceny, and must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor. for the county, for not less than two, nor more than five years."—Code of 1876, § 4358.

As was said in Gregg v. The State (55 Ala. 117), this statute, " so far as it relates to an outstanding crop of corn or cotton, creates a new offense, unknown to the common law. Corn or cotton growing, or unsevered from the freehold, partakes of the nature of realty, and, in the absence of the statute, is not the subject of larceny. . . . .   There is no statute, or principle of the common law, which declares that it is a public offense to take or carry away growing or ungathered corn, under any circumstances other than those which, under the act of February 20th, 1875 " (the same set forth as above in the Code), " make it a felony, and punish it as such.   It follows from this, that, while an outstanding crop of corn or cotton may be the subject of felonious larceny, it cannot be the subject of petit larceny." And further :

[Smitherman v. The State.]

"While the statute declares it is felony to steal any part of an outstanding crop of corn or cotton, *without reference to its value*, there is no such provision as to any of the subjects of petit larceny. . . . An indictment for the offense last named *must aver some value* of the article alleged to be stolen." As to the amount of this value, compare sections 4358 and 4361 of the Code of 1876. To the same effect as the case just cited, is that of *Holly v. The State*, 54 Ala. 238.

In the indictment now under consideration, there are two counts, to each of which a demurrer was interposed. The first charges, that defendant "feloniously took and carried away one peck of corn, a part of an outstanding crop of corn, of the *value of twenty-five cents*, the *personal* property of Ned Jones . . . and William Hurt ;" and the other charges, that he feloniously took and carried away "one peck of corn, a part of an outstanding crop of corn, the personal property of Harris Waller." The verdict was "guilty as charged in the indictment."

The objection made to these counts is, that they are self-contradictory, inconsistent with themselves, and so uncertain as to make it doubtful what the offenses are which they charge. True, each count alleges that the "peck of corn" which defendant "took and carried away," was a "part of an outstanding crop of corn." But it alleges, also, that it was "personal property," and the first one alleges further, that it was of "the value of twenty-five cents," as if to emphasize the offense as that of petit larceny. Are these parts of the indictment to be treated as surplusage, or not—mere excess of language, which may be rejected ; or are they matter of description and substance ?

It is said, that the designation of the property stolen, as personal property, cannot affect the validity of the indictment, any more than the description of a horse, in an indictment for the larceny of that animal, as real property, would make the indictment void ; and the argument is a plausible one. But there is this difference in the cases : A horse cannot, under any circumstances, be realty. Of the two kinds of property, real and personal, a horse, and other like chattels, must necessarily be always personal. But of corn it is different. While it is on the stalk, not severed from the realty, it partakes of the realty, and, by the common law, was not the subject of larceny, though it might be of trespass. But, at the moment of severance, it becomes, and continues to be, personalty. This indictment, therefore, makes it uncertain whether, at the time defendant took and carried away the corn here referred to, it had been severed, and ceased to be a part of the outstanding crop, or not.

[Jones v. The State.]

It is said that the additions, setting forth the value of the corn stolen, and that it was personal property, are mere surplusage, and, if stricken out, leave a perfect indictment under the statute. But, if you strike out the addition, "part of an outstanding crop of corn," you then also have a perfect indictment for the larceny of personal property. What authority have we for making one of these amendments in an indictment preferred by a grand jury acting under oath, rather than the other?

The jury found defendant "guilty as charged in the indictment." Suppose the circuit judge had not heard any of the evidence (and though he did, he was not made the judge of what it proved); or, suppose defendant had pleaded simply "guilty" (especially to the first count); how could the judge certainly and judicially know, there being but a single offense, whether the sentence should be for grand or petit larceny. In this case, it was for grand larceny.

We think it important that such looseness and ambiguity in legal documents of this kind, having their origin in the courts, and made up under the supervision of official legal advisers, ought not to be allowed.

Let the judgment of the Circuit Court be reversed, and the cause remanded; defendant to remain in custody, until discharged by due course of law.

In *Holly v. The State, supra*, we notice an inconsistency in the case as reported, and as stated in the opinion. We have examined the original record, and find that the indictment charged, exactly as set forth in the opinion, that defendant "feloniously took and carried away fifteen *ears* of corn, a portion of an outstanding crop, the property" [not "personal" property] "of William Russell." The errors in the printed report are not those of the court.