# Johnson v. The State.

*Indictment for Larceny of Part of Outstanding Crop.*

1. *Larceny; ownership of property; husband and wife.*—An unsevered crop on land the title to which is in the wife, although planted and cultivated by the husband with his own means, is the property of the wife, and an indictment for larceny of part of such outstanding crop properly alleges the ownership in the wife instead of in the husband. (*Rollins v. State,* 98 Ala. 79 followed )

2. *Same; of part of outstanding crop.*—Under the statute making it a felony to steal any corn or cotton "part of any outstanding crop," this not being the subject of larceny at the common law, and the statute having made it punishable as grand larceny only, there can be no conviction of petit larceny, and if the corn be severed from the realty by a separate act and is afterwards stolen it is not the subject of either grand or petit larceny under the statute which prohibits the stealing of part of an outstanding crop of corn or cotton, but the defendant may be prosecuted for either grand or petit larceny, or to a count based on the statute, a count may be added for larceny in the common form.

3. *Evidence of ownership.*—Under an indictment for larceny of part of an outstanding crop in which ownership of the stolen property is alleged in the wife it is not error to permit the husband to testify that the title to the land was in the wife, that being but another form of stating the collateral and collective fact of the ownership of the land.

4. *Venue; when failure of record to show proof of, is not reversible error.*—Where the bill of exceptions in a criminal case purports to set out all the testimony and fails to show proof of venue and no instruction was given or refused which involved an inquiry into the sufficiency of the evidence to authorize a conviction, or as to proof of venue ; the failure of the bill of exceptions to show that the venue was proved will not work a reversal.

5. *Instructions from court to the jury; how to be given.*—Instructions by the court to the jury should be in open court in the presence of the parties to the suit; and where a juror after the jury has retired sends a written request to the presiding judge for further instruction upon a specified question in the case, and the judge writes on the jurors note an answer to his inquiry and returns the note to the juror by the sheriff, such action of the court, if excepted to, will work a reversal of the cause.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

Appellant was tried and convicted, under an indictment which alleged : "The grand jury of said county charge, that before the finding of this indictment, Eugene Johnson feloniously took and carried away two bushels of corn, part of an outstanding crop of corn, the property of Cornelia Merriwether," etc.

The evidence introduced on the part of the State, tended to show, that within twelve months before the finding of the indictment, the defendant feloniously took and carried away five ears of corn from an outstanding crop of corn, growing on the land of Mrs. Cornelia Merriwether.

Mr. W. T. Merriwether, the husband of Mrs. Cornelia Merriwether, testified that he lived with his wife on the land on which the corn grew, and used the crop in support of his family; that the title to the land was in his wife; that he furnished the labor and teams to make the crop, and cultivated the land on which it was raised, and the crop of corn was his. Mrs. Merriwether was introduced by the State, and testified that the title to the land on which the corn alleged to have been stolen grew, was in her. This was all the evidence introduced touching the ownership of the crop.

The defendant asked the court to charge the jury, (1st), "If the jury believe the testimony, they must find the defendant not guilty;" (2d), "If the jury find from the testimony, that the corn was the property of Mr. Merriwether, they must find the defendant not guilty;" (3d), "The mere fact that Mrs. Merriwether owned the land, and lived on it with the husband who cultivated the land, claimed the crop as his own and used it in the support of the family, without more, would not make the crop the property of the wife;" (4th), "If the jury believe from the testimony, that the time that Merriwether rode to the defendant's house, or near his house, and talked with him about the corn, was the last of August, or the first of September, and not the last of July, then they must discard altogether that part of the testimony of Merriwether relating to corn taken the morning that he was at the house of the defendant, or the day prior to that time, provided the jury also find that the corn, Wade Dillard testified he saw taken, if at all, on the last of July."

The court also charged the jury orally, that under the testimony the corn alleged to have been stolen was the property of Mrs. Merriwether.

To the giving of this charge and the refusal to give the

foregoing charges as requested by defendant, the defendant separately excepted.

The defendant also objected to the admission of the evidence of W. T. Merriwether, that the title to the land on which the corn was grown was in his wife, and excepted to the ruling of the court admitting it.

After the jury had been charged and retired to their room to consider the case, one of the jurors sent to the court a note in writing, as follows : "I, C. L. Doll, want to know whether it makes any difference if the corn was taken in July or the latter part of August." The court wrote upon the note as follows : "If the corn was taken as alleged in the indictment, it makes no difference whether it was done in July or August," and returned it, thus endorsed, to the said Doll in the jury room, by the deputy sheriff. To this action of the court the defendant excepted.

SAYRE & PEARSON, for the Appellant.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—1. When this case was here, on another appeal, the ownership of the corn alleged to have been stolen was laid in W. T. Merriwether, and on substantially the same evidence as that presented in this record; the court held that the ownership was improperly laid in him, but should have been laid in Mrs. Merriwether.—*Johnson v. State,* 13 So. Rep. 577.

We adhere to our former ruling, and hold that the ownership was properly laid in Mrs. Merriwether. The statement of Mr. Merriwether, that the corn was his, was the mere expression of an opinion, accompanied by a statement of the facts on which he based it, which show that the ownership of the land and the unsevered crop thereon, as a part of the land, was properly laid in Mrs. Merriwether.

2. There was no error, therefore, in refusing the three first charges requested by defendant, nor in giving the charge, "that under the testimony, the corn alleged to have been stolen, was the property of Mrs. Merriwether." No corn is alleged to have been stolen, other than that which was a part of an outstanding, unsevered crop, on the land of Mrs. Merriwether. Corn, while on the stalk, and not severed from the realty, partakes of the realty, and by the common law was not the subject of larceny. It is only made so by statute. But, at the moment it is severed from the realty, it becomes, and continues to be, personalty, and is not the

[Johnson v. The State.]

subject of grand larceny, under the statute which prohibits the stealing of a part of an outstanding crop, nor under an indictment for stealing a part of such a crop, can one be found guilty of petit larceny; yet, if the stolen corn or cotton has been previously severed from the realty by a separate act, and is afterwards stolen by the defendant, he may be prosecuted for larceny, either grand or petit; and in prosecutions of this character, a count may properly be added for larceny in the common form, so as to meet any case the proofs may develop.—*Smitherman v. State*, 63 Ala. 26; *Pinckard v. State*, 62 Ala. 167; *Gregg v. State*, 55 Ala. 116.

There is evidence in this record tending to show, that the corn which was stolen, if any, consisted of "ears that had been blown down and torn from the stalks." If this were true, and the other facts in the case showed a felonious taking, the defendant could not be convicted under this indictment.

3. We will not consider the fourth refused charge, based on other phazes of the evidence, since it is confused and incomplete, and was for that reason, if for no other, properly refused.

4. There was no error in allowing the witness, Merriwether, to testify that the title to the land was in his wife. This was but another form of stating the collateral and collective fact, of the ownership of the land, which was properly admissible.— *Woodstock Iron Co. v. Roberts*, 87 Ala. 437; *Daffron v. Crump*, 69 Ala. 77; *Elliott v. Stocks*, 67 Ala. 291.

5. The bill of exceptions purports to set out all the evidence. There was no proof that the offense was committed in Montgomery county. No instruction was given or refused, which involved an inquiry into the sufficiency of the evidence to authorize a conviction, nor as to the proof of venue. The failure of the bill of exceptions to show that the venue was proved, will not, under such a presentation of the record, work a reversal of the judgment of conviction.—*Hubbard v. State*, 72 Ala. 164; *Clarke v. State*, 78 Ala. 434; *Bonden v. State*, 91 Ala. 61.

6. It may be stated generally, as a sound legal principle and as correct practice, that instructions by the court to the jury, should be given in *open court* in the presence of the parties to the suit. A judge should never have any private communication, either verbal or written, with the jury, after they have retired. He may, in the exercise of proper discretion, recall them into open court, for the purpose of explaining instructions already given, or to give other and

[Jefferson v. The State.]

further instructions, or to allow other evidence, which has been overlooked in the progress of the trial, to be given in, or to answer any proper questions about the case which the jury for their satisfaction or enlightenment may desire to propound to the court; but, in all such instances, what is done, should always be done in the presence of the prisoner, and also of his counsel, if practicable.—*Cooper v. State*, 79 Ala. 54; *McNeill v. State*, 47 Ala. 498; *Collins v. State*, 33 Ala. 433; Proffatt on Jury Trials, § 348; 2 Thompson on New Trials, § 2361; 11 Am. & Eng. Encyc. of Law 257.

In having the written communication with the juryman, Doll, without the consent of the defendant, the court committed an error, for which the cause must be reversed.

Reversed and remanded.