# Newsom v. The State.

*Indictment for Larceny of Part of Outstanding Crop.*

1. *Larceny of outstanding crop; evidence.*—On a trial for larceny of part of an outstanding crop evidence that the field in which the corn was standing was watched on the night preceding the commission of the offense imputed to the defendant is irrelevant.

2. *Same; is grand larceny only.*—The statutory offense of larceny of part of an outstanding crop is single and indivisible being grand larceny only, and involving no lower grade of offense however insignificant may be the value of the part of the crop taken and carried away.

3. *Surplusage in indictment.*—On a trial for larceny of part of an outstanding crop, where an indictment charged that the defendant feloniously took and carried away a sack *full* of corn, etc., the word "full" was properly regarded as surplusage, quantity not being an ingredient of the statutory offense.

4. *Larceny at common law; publicity of taking may rebut intent to steal.*—When property, the subject of larceny at common law, is taken otherwise than by apparent robbery, in the presence of the owner and others, and the taker is conscious of their presence, the publicity of the taking affords strong presumption that the intent to steal does not exist.

5. *Larceny of outstanding crop, intent to steal not an element of the offense, publicity of taking.*—The criminating element of the statutory offense of larceny of an outstanding crop being not the intent to steal only, but the illegal depradation upon the outstanding crop of corn or cotton of the true owner, it is immaterial whether there was such publicity in the taking as would afford evidence of the absence of the *animo furandi,* or whether at the time of the taking the defendant was conscious of the proximity of the owner and others, unless the taking is in the assertion of a claim of right, in which event the publicity of the taking would be a material fact in determining whether the claim was asserted in good faith, and might relieve the taking of criminality though the claim proved unfounded.

[Newsom v. The State.]

6. *Evidence of good character.*—In all criminal prosecutions, whether the offense charged is statutory, or an offense at common law, whether it be of felony or of misdemeanor, the previous good character of the accused is matter of evidence for him, and may generate a doubt of guilt entitling him to an acquittal.

7. *Charge as to good character.*—In an instruction to the jury the evidence of good character should not be disconnected and dissociated from the evidence in the cause, but the jury should be left free to form their conclusions upon the whole evidence, which may be so clear and convincing of guilt as to render of little or no avail the previous good character of the accused.

8. *Legal presumption of innocence.*—The legal presumption of innocence is to be regarded by the jury in every case, as matter of evidence, to the benefit of which the accused is entitled, and, as matter of evidence, it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt.

9. *Same; charge of court.*—On a trial for larceny of part of an outstanding crop, a charge requested by the defendant, "That the presumption is the defendant is innocent, even after indictment found and read to him; and this presumption goes with him through the trial, until, by proof that the state has produced from the stand, evidence that convinces you, the jury, beyond all reasonable doubt, that the defendant feloniously took a part of the crop of corn belonging to and owned by Pierce Richards, and carried it away, with the intent to appropriate it to his own use. And if you believe from the evidence that he did take a portion of corn at the time alleged in the indictment, you must believe beyond all reasonable doubt that it was the property of Pierce Richards," is properly refused, since the intent to appropriate to one's own use is not the sole criminating intent of the offense.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The appellant was indicted, tried and convicted under an indictment which charged that "James T. Newsom feloniously took and carried away a sack full of corn, a part of an outstanding crop of corn, the property of Pierce Richards." Upon the trial of the cause, as is shown by the bill of exceptions, the testimony for the state tended to show that the owner of the property and two other persons saw the defendant pulling corn from the field of said Richards, and putting it in a sack, and that he carried the same away, but that the sack was not full. Upon one of the witnesses testifying to the facts as stated above, the State asked the witness the following question: "Did you watch the field the night before the larceny?" The defendant objected to this

question, because it was irrelevant and immaterial, and duly excepted to the court's overruling his objection. The defendant introduced two witnesses, who testified that they knew the defendant's general character in the community in which he lived, and that his character was good. Among the other instructions given by the court in its oral charge, was the following: That if the defendant "feloniously took and carried away corn, part of the outstanding crop of Pierce Richards, then he is guilty as charged in the indictment, whether he took a sack full or not. The taking of one ear would be sufficient." To this portion of the court's general charge the defendant duly excepted. The defendant also separately excepted to the court's refusal to give each of the following written charges requested by him: (1.) "If the jury have a reasonable doubt from the evidence, whether the sack was entirely full of corn or not, they must acquit the defendant. (2.) "That under this indictment defendant could not be convicted of grand larceny." (3.) "That under the evidence in this case defendant could not be convicted of a higher offense than petit larceny." (4.) "The court charges the jury that good character itself may, in connection with all the evidence, generate a reasonable doubt and entitle defendant to an acquittal, even though without such proof of good character you would convict." (5.) "That in arriving at defendant's guilt or innocence, the jury can look to the fact, if it be a fact, that they were neighbors, that the corn was taken in day time, openly carried to defendant's home by him." (6.) "That if the jury have a reasonable doubt whether the sack was full of corn or not, they must acquit the defendant." (7.) "That before the jury can convict the defendant, the State must prove beyond all reasonable doubt that the sack was entirely full of corn." (8.) "That the presumption is, the defendant is innocent, even after indictment found and read to him, and this presumption goes with him through the trial until by proof that the State has produced from the stand, evidence that convinces you, the jury, beyond all reasonable doubt, that the defendant feloniously took a part of the crop of corn belonging to and owned by Pierce Richards, and carrried it away with the intent to appropriate it to his own use. And if you believe from the evidence that he did take a portion of

[Newsom v. The State.]

corn at the time alleged in the indictment, they must believe beyond all reasonable doubt that it was the property of Pierce Richards."

BENSON & BURNETT, for the appellant.—The question and answer to witness, John Sewell, whether he watched the field the night before shed no light on the issue, and, was irrelevant. Being irrelevant injury is presumed to have resulted from it.—*Rogers v. The State*, 62 Ala. 173; *Ogletree v. The State*, 28 Ala. 53. The indictment having charged that defendant had stolen · a sack full of corn, the State must prove it, though it may have been charged with unnecessary particularity. Rice on Evidence, title variance.—*Gilmore v. The State*, 99 Ala. 154; *Lindsey v. The State*, 19 Ala. 560; *Smith v. Cansey*, 28 Ala. 655; *Morris v. The State*, 97 Ala. 82; *U. S. v. Howard*, 3 Summer C. C. 12–15; *State v. Jackson*, 30 Me. 29.

Where the indictment contains the name of a thing necessarily alleged, to which is *prefixed an unnecessary adjective or descriptive phrase*, such words or phrase can not be rejected, and if the proof fails to sustain the allegation it is a fatal variance. 10 Am. and Eng. Ency. Law, p. 557, note.

The charges asked by defendant raising the same question should have been given. He might, under the indictment, have been convicted of petit larceny but not of grand larceny, and the charges asked by defendant on this phase of the case should have been given.

The court should have given the charge that jury could look to fact that defendant and owner of corn were neighbors, and corn was taken openly in daylight.—*McMullin's Case*, 53 Ala. 531.

The charge as to good character requested by defendant should have been given. It only placed the proof of this fact, *in connection with all the other evidence*, and comes up to the standard required in our most extreme cases.—*Springfield's Case*, 96 Ala. 87; *Pate v. The State*, 94 Ala. 18; *Johnson v. The State, Ib.* 35; *Williams v. The State*, 52 Ala. 412.

The last charge requested as to presumption of innocence, &c., was a correct exposition of the law and should have been given.

WM. C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The fact that on the night prece-
ding the commission of the offense imputed to the defen-
dant, the field in which the corn was standing was watch-
ed, was irrelevant. It was without tendency to prove or
disprove any fact involved in the issue on which the jury
was to pass ; it was an independent, collateral fact of
which evidence could not be received, without widening
the scope of the inquiry, prolonging the trial and obscur-
ing the real issue. If the evidence was received, it
would be the right of the defendant to controvert the
fact by evidence, and a side issue would be formed,
which, when determined, would not have aided in the
solution of the material inquiry of the guilt or innocence
of the defendant. The admission of this evidence com-
pels a reversal of the judgment.

The offense charged in the indictment is strictly stat-
utory ; the acts of which it consists, at common law con-
stituted a mere trespass, redressed only by civil reme-
dies. *Sullins v. State*, 53 Ala. 474 ; *Holly v. The State*,
54 Ala. 238. As created by the statute, it is single, in-
divisible ; it is grand larceny only ; there is involved in
it no lower grade of offense. Because of the insignifi-
cance in value of the part of the crop taken and carried
away, there can be no conviction of petit larceny. Value
is not an element of the offense, and except so far as the
statute declares it is not larceny. *Gregg v. State*, 55 Ala.
116 ; *Pinckard v. State*, 62 Ala. 167 ; *Smitherman v. State*,
63 Ala. 24. The several instructions requested on this
point were properly refused.

There was no occasion for the averment that the sack
was full of corn ; it was immaterial whether the sack
was filled or only partially filled. Quantity, like value,
is not an ingredient of the offense, and the word *full*
was properly regarded as mere surplusage. 1 Bish. Cr.
Proc. § 478 ; *State v. Stedman*, 7 Port. 495 ; *McGehee v.
State*, 52 Ala. 324. The rulings of the court below in
reference to this point, are free from error.

The *animo furandi*, the intent to steal, is the material
ingredient of larceny at common law. When things,
the subject of larceny at common law, are taken other-
wise than by apparent robbery, in the presence of the
owner and others, and the taker is conscious of their
presence, the publicity of the taking affords strong pre-
sumption that the intent to steal does not exist ; as clan-

destinity in the taking affords a strong presumption of the existence of the intent.—*McMullen v. State*, 53 Ala. 531; *Johnson v. State*, 73 Ala. 523. It is not of importance to consider whether there was such publicity in the taking as would afford evidence of the absence of the *animo furandi* ; nor whether at the time of the taking the defendant was conscious of the proximity of the owner and others. The criminating element of this offense, is not the intent to steal only; it is the illegal depredation upon the outstanding crops of corn or cotton of the true owner. These are the staple agricultural products, and while in the condition of outstanding crops, are of necessity, more exposed to depredations of theives or trespassers than any other species of property. It is protection against theft or trespass, the statute is designed to afford, and the taking and carrying away, may be committed under circumstances which at common law would constitute a trespass only, and not larceny ; the trespass is as offensive to the statute, as would be the larceny ; between them the statute leaves no room for distinguishing. If the taking was under a claim of right, the publicity of it would be a material fact in determining whether the claim was asserted in good faith, and it may be would relieve the taking of criminality, though the claim proved unfounded. But when the taking is without color or claim of right, and is a trespass or larceny, the publicity attending it, is immaterial. No other construction will serve the purposes the statute is designed to accomplish. The fifth instruction requested by the defendant was properly refused.

In all criminal prosecutions, whether the offense charged is statutory, or an offense at common law, whether it be of felony or of misdemeanor; the previous good character of the accused is matter of evidence for him, and may generate a reasonable doubt of guilt entitling him to an acquittal, In an instruction to the jury, the evidence of good character should not be disconnected and dissociated from the other evidence in the cause, which may be so clear and convincing of guilt, as to render of little or no avail the previous good character of the accused ; the jury should be left free to form their conclusions upon the whole evidence.—*Goldsmith v. State*, 16 So. Rep. 933, and authorities cited. The fourth charge re-

quested by the defendant, was free from the infirmities which vitiated instructions in reference to good character in numerous cases referred to in *Goldsmith's* case, and ought to have been given.

The "legal presumption of innocence is to be regarded by the jury, in every case, as matter of evidence, to the benefit of which the party is entitled."—1 Green. Ev. § 34. And as matter of evidence, the presumption attends the accused, until his guilt is by the evidence placed beyond a reasonable doubt.—*Coffin v. U. S.*, 156 U. S. 432, The eighth instruction requested by the defendant was intended to affirm this proposition, and if it had not affirmed that the intent of the defendant must have been to appropriate the corn to his own use, there would have been error in its refusal. The intent to appropriate to one's own use, is not of necessity the criminating intent of the offense, for intent to deprive the true owner of his property, is as criminating.

For the errors we have pointed out, the judgment must be reversed and the cause remanded.