(109 So. 558)

**MARSHALL v. STATE.** (7 Div. 208.)

(Court of Appeals of Alabama. Aug. 31, 1926.)

**1. Criminal law ⊜==1035(4).**

In absence of objection at trial to authority of special judge, such objection will not be considered on appeal.

**2. Homicide ⊜==268.**

Undisputed evidence that pistol which defendant was claimed to have snapped at another was unloaded, to knowledge of defendant rendered refusal of charge to acquit of assault with intent to murder error.

**3. Homicide ⊜==86.**

There can be no "assault with intent to murder" without present intention, as well as present ability of committing offense.

Appeal from Circuit Court, De Kalb County; E. M. Baker, Special Judge.

Zone Marshall was convicted of assault with intent to murder, and he appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant.

Counsel discuss the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

It was necessary that the objection to the selection of a special judge be raised on the trial. Roberts v. State, 126 Ala. 74, 80, 28 So. 741, 30 So. 554.

BRICKEN, P. J. [1] The judgment entry recites:

"W. W. Haralson, the presiding judge of this court, being incompetent to sit on and determine this case, E. M. Baker, a member of this bar and learned in the law, is appointed by the clerk of this court to try this case."

No objection to this order was made in the court below and for the first time, on this appeal, it is insisted that the appointment of E. M. Baker as special judge was without authority, etc. The objection here, made for the first time on appeal, cannot avail appellant, and the insistences in this connection are without merit. It affirmatively appears that Mr. Baker presided on the trial of this cause in the court below, that the bill of exceptions was presented to and signed by him as such, and on appeal this court will not examine to see whether the judge trying the cause was legally the judge unless the question was raised in the trial court. Roberts v. State, 126 Ala. 74, 28 So. 741, 30 So. 554; 15 R. C. L. p. 541, n. 13.

[2] Appellant was indicted, tried, and convicted for the offense of assault with intent to murder. To sustain this charge of felony the state relied upon the evidence which tended to show that upon the occasion in question the accused snapped an automatic pistol, one time, at one Williard Scott, the person named in the indictment. There were numerous persons present at the time of the difficulty, and they were examined as witnesses upon the trial of this case. Williard Scott, the alleged injured party, is the only witness who testified that the defendant "snapped" the pistol at him. All the other witnesses testified they did not see him snap the pistol, though each of them gave evidence to the effect that defendant had a pistol on that occasion.

The material inquiry upon this appeal is: Does the evidence show an assault with intent to murder? This question is presented by the refusal of the written charge, viz.:

"I charge you that if you believe the evidence in this case, you should not convict the defendant of assault with intent to murder."

[3] On this question, after a careful attentive consideration, we are clearly of the opinion that the evidence was insufficient to sustain the felony charge, and that there was error in the refusal of the charge quoted. The undisputed evidence in this case shows at the time of the difficulty the pistol in the possession of defendant was not only unloaded and empty, but was also incapable of being fired or discharged, and that this was known to defendant. There can be no assault with intent to murder without a present intention, as well as present ability of committing same.

"Presenting and aiming an unloaded gun at a person within shooting distance, in such manner as to terrify him, he not knowing that the gun is not loaded, will not support a conviction for a criminal assault, although it may support a civil action for damages." Chapman v. State, 78 Ala. 463, 56 Am. Rep. 42; Thomason's Case, 82 Ala. 291, 3 So. 38; Engelhardt v. State, 88 Ala. 100, 103. 7 So. 154; White v. State, 107 Ala. 133, 18 So. 226.

"The approved definition of an assault involves the idea of an inchoate violence to the person of another, with the present means of carrying the intent into effect." 2 Greenleaf on Evidence, § 82.

And the rule is generally recognized that:

"There can be no criminal assault without a present intention, as well as present ability, of using some violence against the person of another." Chapman v. State, supra.

In the case of Burton v. State, 8 Ala. App. 295, 62 So. 394, this court said:

"To sustain a conviction for a simple assault, the evidence must show a present ability on the part of the defendant to carry the unlawful attempt and intention into execution."

Here, as stated, the pistol in question was shown, without dispute or conflict, to have been empty, and otherwise incapable of being used as a firearm, at the time and place complained of, and that this was fully known to defendant. Therefore, as a matter of law, there being no dispute in the evidence or conflict on the question, the defendant was entitled to the charge requested, and its refusal was error. Other questions presented need not be discussed.

Reversed and remanded.