228 So.2d 33

**Charlie NOLEN**

v.

**STATE.**

**5 Div. 8.**

Court of Criminal Appeals of Alabama.

Nov. 11, 1969.

Lewis H. Hamner, Jr., Roanoke, for appellant.

MacDonald Gallion, Atty. Gen., and George W. Hodges, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant stands convicted of the offense of assault with intent to murder.

The evidence tends to show that in the early morning hours of January 19, 1969, Officers Bonner and Wood of the Roanoke, Alabama, police department observed a large crowd at a service station. They saw defendant and three other men go into a back room. The officers entered the room and asked the occupants, including defendant, if they were gambling. Defendant replied that they were matching to see who was buying the next drink of whiskey.

The officers left the station and started to the patrol car. The station manager, Bryant Nix, told them he thought defendant had a gun hidden under his sweater. Bonner and Wood went back into the station and told defendant he was under arrest. Defendant refused to go with them. Officer Wood reached to take defendant's arm and defendant swung at Wood, who ducked, and hit Mr. Nix in the face. Defendant then pulled a twelve gauge sawed-off shot gun from under his sweater and pointed it at the officers. When Officer Bonner started to draw his gun defendant pointed the gun directly at him and told Bonner not to draw his gun. He cursed the officers and said he had served time in the penitentiary and the only way they would get him back there would be for killing someone. Defendant told Mr. Spears to bring the car to the door and defendant kept his gun pointed at the officers until he left in the car.

Defendant testified the gun was not loaded at the time he pointed it at the officers. The officers testified they did not know whether the gun was loaded.

The following charge, requested in writing, was refused to defendant:

"1. I charge you, members of the jury, that if you believe the evidence in this case you cannot find the defendant guilty of assault with intent to murder."

In Marshall v. State, 21 Ala.App. 500, 109 So. 558, the court held the refusal of the above charge reversible error where the evidence was undisputed that the gun was empty and such fact was known to defendant.

In Marshall v. State, supra, the court quoted from cases decided by our Supreme Court that:

"There can be no criminal assault without a present intention, as well as present ability, of using some violence against the person of another," and,

"Presenting and aiming an unloaded gun at a person within shooting distance, in such manner as to terrify him, he not knowing that the gun is not loaded, will not support a conviction for a criminal assault, although it may support a civil action for damages."

Under the evidence presented the defendant was entitled to the charge requested, and its refusal was error.

Reversed and remanded.

CATES, Judge (concurring).

Under Act 987 of September 12, 1969, § 10 reads:

"The decisions of the supreme court shall govern the holdings and decisions of the courts of appeals, and the decisions and proceedings of such courts of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the Constitution of the state."

Nevertheless, § 34 of the same Act repealed Code 1940, T. 13, § 95, doubtless the source of this new § 10.

It follows needless to say (if I may be indulged the contradiction) that our new bifurcated intermediate (though "final"-save-for-§ 140-constitutional oversight) Appellate Department is essentially a stare decisis court, regardless of the seeming power to overrule prior decisions implied in § 32(4) of said Act 987.

Taking this premise as valid, I consider that our Presiding Judge has correctly followed the rather unpersuasive reasoning of the ancient distinction between a tortious and a criminal assault. In the instant case, the rule puts an impossible burden on the State because it is altogether reasonable to conjecture that the gun was in fact loaded. Here no one but the appellant knows.

However, cases as early as State v. Clarissa, 11 Ala. 57 adhere to the doctrine. See Anno., 79 A.L.R.2d 1412 for the diversity shown in English and American courts.

The presently applied construction of this statutory crime has been known to our Legislature constructively since the *Chapman* opinion, i. e. almost 85 years. Nullum crimen sine lege is the controlling maxim, even when the principle of moral guilt condemns the prisoner's conduct by analogy to another actus reus admittedly criminal.