McNeill v. The State.

## McNEIL vs. THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. *Oath of jury; what recital as to, sufficient.*—On appeal from a sentence in a criminal case, where the judgment entry recited that the jury was "sworn to well and truly try the issue joined",—*Held*, apparent that the oath administered to the jury was not attempted to be set out, and this court will presume the proper oath was administered.

2. *Counsel, instructions, &c. given in absence of; when error.*—Where, during the trial of a criminal cause, the court, at a recess, gave additional instructions to the jury, received their verdict, and discharged them, in the absence of the prisoner's counsel,—*Held*, error, when it appeared from the record that no attempt to give them notice was made, but that it would be sufficient notice to call them at the courthouse door or other place, as witnesses and other persons are usually called.

APPEAL from the City Court of Mobile.
Tried before Hon. C. F. MOULTON.

THE appellant was convicted of living in adultery, &c., and fined one hundred dollars.

The judgment entry, so far as relates to the oath administered the jury, was as follows:

"November 29th, 1871. This day came the State of Alabama, by its solicitor, and the defendants, with their counsel, and said defendants were arraigned on an indictment charging them with the crime of adultery, to which charge they severally pleaded not guilty; and thereupon came a jury of lawfully qualified men, to-wit, T. A. Malone and eleven others, who, being impanneled and sworn well and truly to try the issue joined, and having heard the evidence, the arguments of counsel, and the charge of the court, retired to consider the case and make their verdict."

From the bill of exceptions, it appears that the jury retired to consider of their verdict at 2 o'clock one afternoon, and remained out until 8 o'clock next morning, when, still being unable to agree, they sent for the judge and "asked for further instructions"; and thereupon the court, in answer to a question, gave the jury additional instructions in the presence of the prisoners. The question and the additional instructions given in reply thereto, need not be further noticed. The bill of exceptions then concludes as follows:

"This being the last case open and undisposed of on the court docket, for the term, the court sentenced each of the defendants, in addition to the fine, to thirty days' imprisonment in the county jail, after asking the usual question, if they had anything to say why they should not be sentenced. And the foregoing instructions were given and proceedings had in the absence of counsel for the prisoners, who were not called at the court-house door, nor was any effort made by the court in any manner to notify them to be present. At about nine o'clock, being about one hour after the court had instructed the jury as aforesaid, the jury returned into court with a verdict of guilty against both of the defendants, they being present in court. The said verdict was received by the court and the jury discharged, in the absence of the counsel for the prisoners, and they were not called at the court-house door, nor was

any effort made by the court in any manner to notify them to be present. The regular hour for the court to convene is at ten o'clock of the morning. Immediately upon the convening of the court on the second day of December, the first day of court after conviction, the defendants, by their counsel, excepted to the action of the court in giving additional instructions to the jury, and afterwards receiving their verdict, whilst the attorneys for the prisoners were absent from the court-room, without having them called, or making any effort in any manner to notify them to be present. The exception was allowed by the court, and the said action of the court is now here assigned as error. And the defendants now present this as their bill of exceptions, and pray that it may be signed and sealed as their bill of exceptions, which is accordingly done," &c.

It is now assigned for error that the jury was not sworn according to law, and that the court erred in giving additional instructions to the jury in the absence of prisoners' counsel.

GEORGE TURNER, and A. McKINSTRY, JR., for appellant. The main question presented is, does the 8th section of article I of the constitution of Alabama, which says, " that in all criminal prosecutions the accused has a right to be heard by himself and counsel, or either," give the accused the right to have, in addition to himself, the presence of his counsel in court at every stage of the prosecution? There is no doubt but the prisoner himself must be present at every important stage of the prosecution, and there are no more important stages of a case than when the jury receive additional instructions, when they render their verdict, and when sentence is passed by the court.—See Ex parte Bryan, 44 Ala. 402; State v. Hughes, 2 Ala. 102, 104; Henry v. State, 33 Ala. 389; Hall v. State, 40 Ala. 698. Does this same right attach to his counsel? Or if not to the same extent as with reference to the prisoner, how far does it extend? It would seem, to argue from analogy, that the right of the prisoner to have his counsel in court, and to have them heard in his behalf, under the

section of the constitution above quoted, would be as strong as to have the right to be in court and be heard himself. The necessity for the presence of the counsel is certainly much greater than for that of the accused. The counsel is one supposed to be learned in the law, one who can speak knowingly and understandingly, and who can take advantage of any point which may arise in his client's favor, while the accused, being generally a man not learned in the law, would not know what to do, and, consequently, would be no better in than out of court. The accused could not except to the additional instructions of the court, because he would not know whether they were right or wrong, and would not probably know that he had a right to except, even if they were wrong. He would not know how to proceed to poll a jury upon the reception of their verdict, and if sentenced immediately after the reception of the verdict, would not have time, even though he knew how, to make a motion in arrest of judgment. And a motion in arrest of judgment must be made and heard before the sentence is pronounced.—*Hood v. State*, 44 Ala. 81. His counsel could and would probably do all this. Especially would he poll the jury to see if they all agreed upon their verdict, after they had been unsuccessfully trying to agree upon it for the space of eighteen hours ; and would most probably make a successful motion in arrest of judgment, after the proceedings described in the record had been taken, in his absence, without his knowledge, and without any action upon the part of the court to secure his presence.

The case of *Collins v. State*, (33 Ala. 434,) is an authority against the action of the court in this instance. The decision rendered in that case is put upon the ground that it does not appear that the court was in fault in not having prisoner's counsel in court. The intimations plainly are that if it did appear that counsel were not called, the court would reverse.

The other and only remaining case, *Cruzen v. The State*, (10 Ohio, 258,) sustains the position that reasonable diligence must be used to secure the attendance of counsel,

when any act in the prosecution of the case is necessary and about to be performed. This was a case of perjury. After the evidence had been heard in the case, and the instructions of the court had been given, the judge informed the defendant's counsel that the court would take a recess until the jury had made up their verdict, and instructed the sheriff, in the hearing of counsel, to ring the court-house bell when they had agreed. The judge and counsel then retired from the court-room, the judge going to his boarding-house, and the counsel going to their homes, which were little more distant than the judge's boarding-house. About half an hour after the recess the jury returned into the court-room, having agreed upon a verdict. Whereupon, the courthouse bell was rung by the sheriff, as directed, and responded to by the judge, who was at his boarding-house, and who immediately upon coming into court had the defendant's counsel called, and who waited a sufficient length of time for the counsel to reach the court-room before he instructed the jury that they might return their verdict, which they finally did in the counsel's absence, finding the defendant guilty. The prisoner afterwards, through his counsel, excepted. The court says, in ruling upon the question, page 270 : "It is the undoubted constitutional right of a party accused to be present, with his counsel, at every stage of his trial. But the right to counsel is in the nature of a personal privilege. * * * It is their duty when they have cases pending to be in attendance at the regular sessions of the court; and if a public announcement is made in open court, that upon the ringing of the bell, during a temporary recess, the court will convene to receive the verdict, and a reasonable time is given for counsel to attend after such signal, the party has no cause to complain of the court."

When a right is conferred upon the accused by the constitution, it must certainly impose the obligation upon the court at the same time of seeing that he has the full benefit of the right thus conferred, especially when the right is connected with the trial pending before the court. The obligation imposed upon the court by section 8, article I,

McNeill v. The State.

of the constitution, is to take proper steps to secure the attendance of the counsel of the accused, when absent. This is the doctrine of the two cases above cited and commented upon.

As to the oath, see *Joe Johnson* case, at this term.

JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The defendant appeals from a sentence for living in adultery.

The first objection is, that the jury was not properly sworn. The recital of the record is, "thereupon came a jury of lawfully qualified men, to-wit: T. A. Malone, and eleven others, who being impanneled and sworn well and truly to try the issue joined, and having heard the evidence," &c. In *McGuire v. The State*, (37 Ala. 161,) and *Pile v. The State*, (5 Ala. 72,) the recital in the judgment-entry was the same as in this case, and was held to be sufficient. It is manifest that the oath administered was not attempted to be set out in full, and nothing is shown from which we can infer that any portion of the oath required was omitted. In the case of *Jo. Johnson v. The State*, and of others, at this term, reversed on the ground of error in the administration of the oath to the jury, there was a completeness about the description of the oath administered that forbade any presumption at all.

There was no refusal of the court to hear the prisoner by himself and his counsel, nor denial of his right to be so heard, but the court being called on by the jury to repeat its instruction concerning a certain point, during an interval in the session, did so, in the absence of the prisoner's counsel, without sending for or calling them. It also, afterwards, in like manner received the verdict, and discharged the jury. The counsel could not have been expected to be present at these times, as there was a recess to an appointed time beyond. It does not clearly appear from the bill of exceptions whether the sentence was rendered during the intermission or not.

*Collins v. The State*, (33 Ala. 434,) was a case in which

the court gave additional instruction to the jury during a recess in the absence of the prisoner's counsel. Some stress was laid upon the fact, that it did not appear but the counsel had been called or sent for. It was said that to deny the right of the court to give instruction to the jury when the counsel was willfully absent, would lead perhaps to more evil than good. It is manifest that the prisoner himself might be greatly prejudiced. But we think an opportunity should have been given to them, and it is so intimated in the above case. It was once the custom of the common law not to permit the defendant in a criminal case to be aided or represented by counsel at all. The right to have such assistance is now guaranteed by both the Federal and State constitutions. It is the duty of the counsel to be constantly attendant upon the court during the trial of causes in which they are engaged. During the recesses of a term neither the parties, nor others concerned, are expected to be present. If at such times the court should deem it necessary to proceed with the business in any respect, the usual notice given to a particular individual when his presence is needed, should be given to the counsel of a prisoner. In this State this notice is given by calling them at the court-house door or other convenient place.

The judgment is reversed, and the cause remanded.