## MORGAN vs. THE STATE.

[INDICTMENT FOR RAPE.]

1. *Conviction in capital case; what must affirmatively appear to sustain.*— On appeal to this court, in order to sustain a conviction for a capital offense, the record showing that the defendant was in actual confinement, it must appear affirmatively that a copy of the indictment and list of jurors summoned for his trial, were delivered to him one entire day before the day appointed for his trial, as required by § 4171 of the Revised Code.

2. *Motion in arrest of judgment; upon what must be predicated.*—A motion in arrest of judgment can only be predicated on matter of record.

3. *Same; what not ground for.*—That the jury, after being sworn and empanelled, for the trial of one charged with a capital offense, were permitted by the court to separate, and "mix with the crowd attendant on the court," is not matter for arrest of judgment but for new trial.

APPEAL from the Circuit Court of Calhoun.

Tried before Hon. W. L. WHITLOCK.

The appellant was convicted of rape. He was in actual confinement, but no copy of the indictment or venire were served upon him as required by law, one entire day before the day set for his trial.

Before sentence, he moved in arrest of judgment, and his motion, as well as the proof offered to support it, were made part of the record in the entry overruling the motion.

This entry was as follows: "Comes the defendant, and moves the court to set aside the verdict and to arrest judgment thereon, on the following grounds:

1st. The defendant was in jail on a charge of capital felony, and was not served with a copy of the indictment against him, and a list of jurors to try his cause, one entire day before the day set for his trial.

2d. The jury which tried his case were permitted by the court, after they had been impanneled and sworn, and the State had introduced and examined the greater part, if not all its witnesses, and before the verdict was rendered, to separate and get their dinners and mix with the crowd who were in attendance upon the court, and this was done without the consent of defendant.

3d. The verdict of the jury was contrary to the evidence.

4th. The evidence was too uncertain and unreliable to warrant a conviction.

Upon the hearing of said motion, it was proved to the satisfaction of the court that the facts set forth in the paragraphs, containing the first and second grounds for motion, were true, namely: that no special list of jurors, nor copy of indictment was served upon defendant, (he being at the time confined in jail,) one entire day before the trial of his cause, and that defendant, neither by himself or counsel, demanded a copy of said list and indictment; that the jury which tried his case were permitted by the court to separate and get their dinners and mix with the crowd who were in attendance upon the court; and this after the jury had been impanneled and sworn, and the State had examined the greater part, if not all its witnesses, (and before the verdict was rendered,) and this was done without the consent of defendant.

After argument, and due consideration had thereon by the court, it is ordered by the court that defendant's motion be overruled."

The action of the court below in overruling the motion in arrest of judgment, is now assigned as error.

ELLIS & CALDWELL, for appellant.

JOHN W. A. SANFORD, Attorney General, contra.

Morgan v. The State.

PETERS, J.—This is an appeal from a judgment of conviction on a prosecution for rape. This offense is a capital crime, as the defendant is subject to the punishment of death.—(Rev. Code, § 3661 ; 1 Bouv. L. Dict., word, *Capital Crime*, p. 240.) The rule of law, fixing the rights of the accused in such a case, is very clearly laid down in the Code. It is this : "If the defendant is indicted for a capital offense, and is in actual confinement, a copy of the indictment, and a list of the jurors summoned for his trial, including the regular jury, *must* be delivered to him at least one entire day before the day appointed for his trial; and if he is unable to employ counsel, the court *must* appoint counsel for him, not exceeding two, who must be allowed access to him at all reasonable hours ; and if he is not in actual custody, and has counsel, *whose names* are so entered on the docket, such counsel *must*, on application, be furnished with a copy of the indictment and a list of the jury."—(Rev. Code, § 4171.) This is a plain and peremptory command, and as such it should be enforced by the court. It confers rights as absolute as the right to be tried by a jury, and it should appear in the record of the proceedings in the court below, that they have been equally well guarded. The motion in arrest of judgment is made a part of the record in this case, as well as the action of the court thereon. From this it appears that the defendant was in actual confinement at the time of summoning the jury, and at the time of the trial. When this is the case, the record should show affirmatively that a list of the jurors and a copy of the indictment had been legally delivered to the defendant. If it fails in this, it is error. *Robertson v. The State*, 43 Ala. Rep. 325. In such a case as this, this court looks to the whole record, if this shows error there will be a reversal.—(Revised Code, § 4314.) Strictly speaking, a motion in arrest of judgment can only be founded upon matter of record. The court can not hear extrinsic evidence on such a motion.—*Williamson & Daniel v. Br. Bk. Montgomery*, 3 Ala. 504. Then the court below did not err in denying the motion in

arrest, but the proceedings in the court below, for the error above pointed out there, must be reversed. The jury, after being impanneled and sworn, should not be permitted to separate and "mix with the crowd, who were in attendance on the court," without the consent of the defendant. But such a departure from the proper practice is not a matter for arrest of judgment, unless, perhaps, it is made a part of the record by bill of exceptions, but is grounds for a new trial.—(*Brister v. The State*, 26 Ala. 107; *Franklin v. The State*, 29 Ala. 14.)

For the error first above pointed out, the judgment of conviction in the court below is reversed and the cause is remanded for a new trial, and the defendant, the said Alexander Morgan, who is the appellant in this court, will be held in custody until discharged by due course of law.