# Cooper *v.* The State.

*Indictment for Grand Larceny.*

1. *Recalling jury before verdict.*—It is discretionary with the court to recall the jury, after they have retired to consider of their verdict, for the purpose of explaining instructions already given, giving additional instructions, or admitting evidence of some fact overlooked during the trial; and the defendant being at the time present in person, with his attorney, and being allowed an opportunity to cross-examine the witness, there is nothing of which he can complain.

FROM the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

The defendant in this case was indicted for grand larceny, and the indictment also contained a count for receiving stolen goods. On the trial, he reserved exceptions to the refusal of several charges asked, and also to the action of the court in recalling the jury, after they had retired to consider of their verdict, and allowing the solicitor to re-examine a witness as to the value of the stolen goods; and these rulings are here urged as error.

THOS. N. MCCLELLAN, Attorney-General, for the State.

CLOPTON, J.—After the jury had been charged, and had retired, the court recalled them, and permitted the State to introduce evidence as to the value of the goods alleged to have been stolen. The defendant objected to the jury being recalled, and additional evidence introduced, on the specified ground,

[Hurst & Hill v. The State.]

that written charges, which had been requested by the defendant, and refused, were based on the fact, that there was no evidence of the value. The record shows that evidence of the value of the stolen property was introduced during the progress of the trial, substantially the same as after the jury were recalled. So, this ground of objection is unsupported by the record, and the re-introduction of the same evidence worked no injury to the defendant in this respect. While it is true, that the judge should have no private communication, either verbally or in writing, with the jury, after they have retired, recalling them into open court, for the purpose of explaining instructions already given, or of giving further instructions, or of admitting evidence of some fact overlooked during the trial, rests in the sound discretion of the court. Of course, if the jury are recalled for either of these purposes, the accused should be present, and also his counsel, if reasonably practicable.—*Collins v. State*, 33 Ala. 434; *Hobbs v. State*, 75 Ala. 1; Bish. Crim. Pro., § 1000. The defendant and his counsel were both present, and were allowed the privilege to cross-examine the re-introduced witness, and to introduce other witnesses, if they desired. All the rights of the defendant were observed and guarded by the court.

The charges requested by the defendant were properly refused, on the evidence then before the jury, which tended to show the guilt of the defendant, and the credibility and sufficiency of which were submitted to them.

Affirmed.