(102 So. 691)

## SATTERFIELD v. STATE.   (6 Div. 232.)

(Supreme Court of Alabama.   Jan. 15, 1925.)

**1. Criminal law ⊙⟹1166½(6) — Refusal to quash venire served on date previous to trial, and to grant continuance, held not ground for reversal in absence of prejudice.**

Refusal to quash venire, served on date previous to trial, and to grant continuance, *held* not ground for reversal in absence of showing that defendant was prejudiced by failure to serve venire earlier.

**2. Criminal law ⊙⟹807(1)—Refusal of argumentative charge held not error.**

Refusal of argumentative charge *held* not error.

**3. Criminal law ⊙⟹829(1)—Refusal of requested charge covered by charge given held not error.**

Refusal of requested charge, the substance of which was embraced in charge given, *held* not error.

**4. Criminal law ⊙⟹789(9)—Refusal of charge exacting too high a degree of proof held not error.**

In homicide prosecution, refusal to charge that before jury could convict defendant "you must be fully, clearly, conclusively, and satisfactorily, and to a moral certainty, and beyond all reasonable doubt satisfied that the defendant committed the crime" *held* not error since too high a degree of proof was exacted.

**5. Criminal law ⊙⟹363—Testimony that leg and toes of baby sitting in deceased's lap at time of shooting were powder burned held admissible as part of res gestæ.**

Where deceased had baby in her lap at time she was shot, testimony that baby's leg and toes were powder burned *held* admissible as part of res gestæ.

**6. Homicide ⊙⟹169(2)—Permitting deceased's child to testify that she had a "baby sister" held not prejudicial error.**

Where there was testimony that the leg and toes of baby sitting in deceased's lap when she was shot were powder burned, and where defendant insisted that the shooting was accidental, court did not commit prejudicial error in permitting an older child of the deceased to testify that she had a "baby sister."

**7. Homicide ⊙⟹203(3)—Testimony held sufficient predicate for admission of testimony as to dying declaration.**

Testimony that deceased told witness "that she was going to die" *held* sufficient predicate for admission of his testimony as to her dying declaration.

**8. Criminal law ⊙⟹695(6)—Overruling of objection to whole answer not reversible error, even if part constituted an opinion.**

Overruling of objection to whole answer of witness, a part of which was competent, *held* not reversible error, even if a part was objectionable as a conclusion.

**9. Homicide ⊙⟹171(1) — Testimony of deceased's husband that there was no whisky at house where he and deceased lived, and where shooting had occurred, held admissible.**

Where state had offered proof of voluntary statement made by defendant that the trouble was caused by argument as to whisky, testimony of deceased's husband that there was no whisky where he and the deceased lived, and where the shooting had occurred, *held* admissible.

**10. Criminal law ⊙⟹723(3)—Statements by solicitor, in argument to jury, constituting appeals for death penalty in murder prosecution, held not improper.**

In murder prosecution, statements by a solicitor for state in argument to jury that, "If you must find the defendant guilty of murder in the first degree, and fix the punishment at hanging by the neck until he is dead, it will be some little time before you will be called on to try some of these people for this kind of crime," and that, "I don't feel like a man like that ought to be put in the penitentiary or turned loose in this country; I believe that breed ought to be stopped," *held* proper, being merely appeals for the death penalty.

**11. Criminal law ⊙⟹855(7)—Question by juror to bailiff who had entered jury room as to punishment for second degree murder held improper.**

Question by juror to bailiff who had entered jury room as to punishment for second degree murder *held* improper.

**12. Criminal law ⊙⟹1186(4)—Refusal to grant new trial because of conversation between juror and bailiff who had entered jury room held not ground for reversal.**

Where jury had agreed on verdict finding defendant guilty of second degree murder, and had in fact written verdict stating that it had found defendant guilty of murder in second degree, and had agreed on imprisonment for 25 years as punishment before bailiff had entered jury room, court's refusal to grant new trial on ground that juror had asked bailiff whether "second degree murder would carry 25 years," *held* not ground for reversal, under Code 1923, § 3258.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Jack Satterfield was convicted of murder in the second degree, and he appeals. Affirmed.

Charge 36, refused to defendant, is as follows:

"(36) I charge you that before you can convict the defendant of the offense charged, you must be fully, clearly, conclusively and satisfactorily, and to a moral certainty, and beyond all reasonable doubt satisfied that the defendant committed the crime."

It appears from the bill of exceptions that during the closing argument to the jury the solicitor for the state made these

remarks, to which objection was taken by the defendant:

"If you just find the defendant guilty of murder in the first degree, and fix the punishment at hanging by the neck until he is dead, it will be some little time before you will, be called on to try some of these people for this kind of crime."

And:

"I don't feel like a man like that ought to be put in the penitentiary or turned loose in this country; I believe that breed ought to be stopped."

Benton & Bentley, of Bessemer, for appellant.

The trial court erred in refusing to grant defendant's motion for a new trial. Weaver v. State, 17 Ala. App. 506, 86 So. 179; Leith v. State, 206 Ala. 439, 90 So. 687; Driver v. Pate, 16 Ala. App. 418, 78 So. 412. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The fact, if so, that defendant was not served with a list of venire until the day before trial, would not serve as a basis for reversal. Scott v. State, 211 Ala. 270, 100 So. 211. Charge 36 is bad. 1 Mayfield's Dig. 284. The court properly declined to exclude the argument of the solicitor. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St. Rep. 17.

GARDNER, J. Appellant was convicted of murder in the second degree, and his punishment fixed at imprisonment for 25 years.

[1] The first question considered in brief of appellant's counsel relates to the action of the court in overruling the motion to quash the venire, and grant a continuance upon the ground that the service of the venire was insufficient. The trial was had on May 27, 1924, and service of the venire was on the day previous. The mere fact that the venire could and doubtless should have been served a few days earlier, does not appear to have worked any prejudice to defendant, and presents no sufficient ground for reversal, as was held in Scott v. State, 211 Ala. 270, 100 So. 211.

[2, 3] Refused charge No. 1 is argumentative. Moreover, the substance of this charge is embraced in oral charge of the court, and charge No. 8 given for the defendant. Charge 29, refused to the defendant, is substantially covered in given charges 1 and 2, and, also, the oral charge.

[4] Refused charge 36 exacts too high a degree of proof, and its refusal was not error. 1 Mayfield Dig. 176. The court in the oral charge fully and fairly instructed the jury upon the question of credibility of a witness on account of bias, prejudice or ill will. Refused charge 31 was sufficiently covered by the oral charge.

[5, 6] The deceased, a negro woman, was shot through the stomach with a pistol in the hands of the defendant, and died as a result thereof. The defense insisted the shooting was accidental, while the state offered proof tending to show the contrary. At the time the shot was fired, deceased was sitting in a chair in the house with her baby in her lap. There was no error in permitting the state's witness to state that the baby's leg and clothes were powder burned; all of this was admissible as a part of the res gestae. That the baby of deceased was in her lap at the time was proven without conflict, and admitted by defendant. Very clearly, no prejudicial error was committed in permitting the witness, Lucinda Cary, the older child of deceased, to answer that she had a "baby sister."

[7, 8] John Cary, husband of deceased, testified to a dying declaration, sufficient predicate having been made by his evidence for the admission of the statement, that she (deceased) told him "that she was going to die." Defendant moved to exclude the entire answer of this witness embracing the dying declaration. In argument particular stress is laid upon the last sentence in the answer, "and she said the reason he shot, because she wouldn't have him," as objectionable, as not giving the language of deceased, but only a conclusion or opinion. Whether subject to this criticism need not be considered, as no specific objection was made thereto, but only to the whole answer, a large portion of which was very clearly not subject to the criticism in this respect. Clearly, no reversible error here appears.

[9] The state offered proof of a voluntary statement made by defendant, in which he insisted it "came up about some whisky, * * * had some little argument about some whisky," to use the language of the witness. There was therefore no error in permitting John Cary, the husband, to testify that he had no whisky there at the house where he and deceased lived, and where the shooting occurred.

[10] Nor is reversible error shown in the exception to a portion of the argument of the solicitor to the jury. We construe these statements as appeals for the death penalty, and not beyond the limitations fixed by the decisions. McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am. St. Rep. 17.

During the deliberations of the jury on defendant's case, the bailiff having the jury in charge went into the jury room; either having been called into the room for some purpose by one of the number, or going to see if his services were needed. The time he remained in the room varies according to

the recollection of the witnesses from one to five minutes. The evidence is without conflict that the merits of the case were not in any way discussed, but the bailiff was asked by some one or more of the jurors whether or not "second degree murder would carry 25 years." Some of the witnesses state that the bailiff answered some questions as to the number of years fixed as punishment for manslaughter in the first degree, and murder in the second.

It appears, however, without dispute, that at the time of this conversation the jury had already agreed upon the verdict of guilt in the second degree murder, and 25 years' imprisonment, but were confused as to whether murder in the second degree "would carry 25 years." In fact, the verdict had been written out thus far, "We, the jury, find the defendant guilty of murder in the second degree, as charged in the indictment, and fix the penalty at ———," leaving the rest blank, but the number of years had also been agreed upon as 25. The extent of the conversation was only to confirm the first impression of the jurors that, as to the form of the verdict, second degree murder "would carry 25 years."

[11, 12] While all of this was very irregular and improper, and to be condemned, yet, when it affirmatively appears the irregularity was without injury or prejudicial effect upon the defendant's cause, a reversal cannot be rested upon the action of the court in overruling the motion for a new trial upon this ground.

In Leith v. State, 206 Ala. 439, 90 So. 687, improper evidence, extraneous to the trial of the cause, came into the possession of several of the jurors, and the court applied the doctrine of error without injury, and declined to reverse. In principle, the Leith Case is analogous to the cause here under consideration, and, indeed, we are of the opinion that in the instant case it is made to more clearly appear affirmatively that no injury occurred. There was no reversible error in overruling the motion for a new trial upon this ground, therefore. Leith v. State, supra·; section 3258, Code 1923.

The cases of Weaver v. State, 17 Ala. App. 506, 86 So. 179, and Driver v. Pate, 16 Ala. App. 418, 78 So. 412, cited by counsel for appellant, were cases where, very clearly, the Court of Appeals entertained the view the conduct complained of probably injuriously affected the defendant's cause.

We have here considered the several questions which were deemed by counsel for appellant sufficiently important to discuss in brief. Mindful of our duty, however, in cases of this character, we have also considered the few remaining matters appearing in the record, but find nothing therein calling for a reversal, or of sufficient moment as to demand discussion.

No reversible error appearing in the record, the judgment of conviction must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.