182 So. 402

### JONES v. STATE.

### 5 Div. 9.

Court of Appeals of Alabama.

Jan. 19, 1937.

Rehearing Denied May 18, 1937.

Reversed on Mandate June 21, 1938.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

Lawrence F. Gerald, of Clanton, for appellant.

RICE, Judge.

We are not unmindful of our duty under the provisions of Code 1923, § 3258, but appellant is represented here by able counsel; and the brief filed by *him,* in our opinion, treats every question raised on the

trial below which is worthy of discussion by us. Hence no others will be noticed in this opinion.

Appellant's case was submitted to the jury on an indictment containing several different "counts"—each, admittedly, in Code form—some charging the offense of "obtaining property by false pretenses" (Code 1928, § 4131); and some charging the offense of "obtaining signature by false pretenses" (Code 1928, § 4135). Code 1928, § 4556, forms 58 and 59.

There was a general verdict of "guilty as charged in the indictment."

Upon this verdict appellant was sentenced to a term of imprisonment in the penitentiary of "not less than nine years nor more than ten years." Code 1928, §§ 5278, 5267 and 5268.

■ The testimony adduced on the trial tended to support, in the way requisite to sustain a conviction, only the first three counts of the indictment. Under these circumstances, we deem it so well settled as not to require the citation of authority that the verdict, as returned, will be referred to these three counts—or, indeed, to any one of same—for its validity.

■ Appellant's counsel, while admitting that the testimony "followed and tended to prove the charges made in the indictment (the three counts mentioned)," argues very vigorously that the said counts were subject to the demurrers which he interposed, and that they were improperly left in the case and submitted to the jury.

As above stated, each of said counts was in the Code form. But the defect claimed in the forceful argument submitted here by appellant's counsel is in the "pretense" detailed in each of said counts.

To illustrate, we quote (and italicize) below the "pretense" alleged in count 1, counts 2 and 3 being, as we read them, in all respects similar. Said count 1, essentially to this discussion, alleged that "Henry C. Jones * * * did falsely pretend to Mrs. Artie Mitchell * * * with intent to defraud, *that he the said Jones had advised one W. R. Dean, who was at the time of such false pretense to the said Mrs. Artie Mitchell known to her to be a banker at Goodwater Alabama, to sell certain shares of stock owned by the said W. R. Dean in the Alabama Power Company, and that the said W. R. Dean followed such advise (sic) by the said Jones by selling his said shares of stock in the said Alabama Power Com-* pany;* and, by means of such false pretense, the said Henry C. Jones did obtain from the said Mrs. Artie Mitchell the two Stock Certificates, one for six shares, the other for nine shares, of stock in the Alabama Power Company, then owned by the said Mrs. Artie Mitchell and herein above mentioned, the same being of the value of, to-wit, $900.00."

As said by Mr. Justice Head, in the opinion in the, we believe, leading case of Meek v. State, 117 Ala. 116, 23 So. 155, 156: "We do not understand that the indictment for obtaining goods by false pretenses must necessarily show that the alleged false pretense *was capable of inducing* the party to whom made to part with his goods, further than the allegation that *by means of the pretense* the goods were obtained. If the pretense alleged is of an existing or past fact or condition, and is alleged to have been false, and made with intent to defraud, and by means of it the defendant obtained the goods from the party named, the indictment is good, unless, indeed, the pretense, as alleged, appears upon its face to have been frivolous, and incapable of operating to induce one to part with his property. Whether or not the pretense really operated as such material inducement is a matter of proof." (Italics supplied.)

Measured by the law as laid down, above, by Justice Head, which, so far as we are advised, has not been in any respect changed, to date, we think, and hold, that count 1 of the indictment (and, hence, for the reason indicated hereinabove counts 2 and 3) was sufficient; and that the demurrers to same were properly overruled.

■ Nothing is better settled under our law than that the allowance or exclusion of "leading questions" to a witness is a matter that rests within the sound discretion of the court. It is sufficient that we simply say, that, in the instant case, we observe no abuse of that discretion. The chief witness for the State, an old woman, with a "troubled" heart, it is true, was allowed to be "led along" by the solicitor; but it is apparent that such "leading" was requisite, if the facts, as the witness claimed them to be, were ever to be developed. And we cannot see aught in her examination that was calculated to elicit other than merely her version of the facts. Appellant's rights were in no way harmed.

■ Likewise, we are unable to see prejudice to appellant's cause that requires a

reversal of the judgment of conviction because of any improper remarks by the prosecuting counsel to the jury trying the case. As stated by Mr. Justice Thomas, for the Supreme Court, in the opinion in the case of Anderson v. State, 209 Ala. 36, 95 So. 171, 178: "No iron-clad rule exists by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case." Here, the "issues, parties, and general circumstances" lead us to the conclusion we have stated. The trial judge, by his rulings, remarks, admonitions, and conduct of the proceedings, gave every evidence of a desire to protect appellant's every right. And we are unable, from aught that appears, to see that he failed to do so.

Error, prejudicial to appellant, nowhere appearing, the judgment appealed from will stand affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Jones v. State, 236 Ala. 30, 182 So. 404.