243 So.2d 502

Kenneth L. BRICKLEY

v.

STATE of Alabama.

Ex parte Kenneth L. Brickley.

8 Div. 326.

Supreme Court of Alabama.

Oct. 8, 1970.

W. A. Barnett, Florence, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant was convicted of murder in the second degree. The Court of Appeals affirmed, defendant applied to this court for certiorari, and the writ was granted.

1.

Defendant says that the Court of Appeals erred in holding that the trial court did not err in refusing defendant's re-quested affirmative charge as to the first count of the indictment. The indictment recites:

"The Grand Jury of said County charge, that before the finding of this indictment, Kenneth Brickley, whose name is unknown to the Grand Jury other than as stated, unlawfully and with malice aforethought, killed Lori Ann Wyma, by beating her with the handle of a wooden brush,

"Count two: The Grand Jury of said County further charge, that before the finding of this indictment, Kenneth Brickles, whose name is unknown to the Grand Jury other than as stated, unlawfully and with malice aforethought, killed Lori Ann Wyma, by beating her with his hand or fist, against the peace and dignity of the State of Alabama."

Defendant argues that there is not any evidence that deceased " . . . was killed by beating her with a handle of a wooden brush."

We do not find in the statement of the evidence by the Court of Appeals any mention of "a wooden brush."

" . . . the mere showing of the use of a fist does not make out use of a weapon. Corcoran v. State, 18 Ala.App. 202, 89 So. 835; Bean v. State, 77 Okl. Cr. 73, 138 P.2d 563; State v. Rizor, 353 Mo. 368, 182 S.W.2d 525." Cozart v. State, 42 Ala.App. 535, 541, 171 So.2d 77, 83; certiorari denied, 277 Ala. 698, 171 So.2d 84.

In affirming a conviction for crime, the Court of Appeals said:

"The testimony adduced on the trial tended to support, in the way requisite to sustain a conviction, only the first three counts of the indictment. . . . ." Jones v. State, 28 Ala.App. 254, 256, 182 So. 402."

In reversing the Court of Appeals, this court said:

"The opinion shows counts 4, 5, and 7 were not supported by evidence suf-

ficient to justify a verdict of guilty. Our cases hold that, when the affirmative charge as to such count is refused, and there is a general verdict of guilty, though some of the counts are supported by some aspects of the evidence, the denial of the affirmative charge as to other counts is reversible error. Hawes v. State, 216 Ala. 151, 112 So. 761; Ross v. Washington, 233 Ala. 292, 171 So. 893.

"As we understand the opinion of the Court of Appeals, that is the state of this record. If so, there was error in refusing the affirmative charge as to counts 4, 5, and 7, leading to a reversal." Jones v. State, 236 Ala. 30, 33, 182 So. 404, 406.

In the case at bar, the Court of Appeals says:

" . . . The evidence going to show what instrument was used in committing the offense is left in inference and was a question for jury decision. . . . "

If an inference is to be drawn that defendant beat deceased with a wooden brush, there must be some sort of competent evidence indicating that a wooden brush was used in the beating. "Inference must have a palpable beginning." Cozart v. State, supra. " . . . one presumption or inference may not be based upon another. McManimen v. Public Service Co. of Northern Illinois, 317 Ill.App. 649, 47 N.E.2d 385." Black's Law Dictionary, 4th Ed. 1951, page 918. " . . . one presumption of fact cannot be based upon another. Vernon v. United States, 8 Cir., 146 F. 121; State v. Lackland, 136 Mo. 26, 37 S.W. 812." Carr v. State, 28 Ala.App. 466, 468, 187 So. 252, 254, ¶ [4, 5].

If there is in the record no evidence showing that a wooden brush was used in the beating of deceased, the denial of defendant's requested Charge B was reversible error.

■ The Court of Appeals does not expressly state that all the material evidence in the instant case is set out in the opinion of that court. If all the evidence is set out in the opinion, there is no evidence sufficient to show that a wooden brush was used in the beating and the judgment of conviction is due to be reversed. Whether the record contains such evidence is an issue to be determined by the Court of Appeals in the first instance.

*2.*

Defendant asserts that the trial court erred in denying him a new trial on the grounds of his motion which assert that he was prejudiced in his right to trial by a jury free from improper, extraneous influence as a result of the bailiff's entering the room where the jury was deliberating and remaining in the room with the jury behind the closed door for eight minutes.

The affidavits filed by defendant in support of his motion show that the bailiff did so remain with the jury. The affidavits further show that the bailiff returned to the court room and had a conversation with the trial judge, which conversation is unknown to affiant; and that shortly thereafter the jury was returned to the court room and received further instructions.

The state did not offer any evidence of any kind in opposition to the motion for new trial.

"To secure to one accused of crime a fair and impartial trial, general rules as to the policy of the law are: (1) To keep the jury in a criminal case entirely separated from the world, permitting no outside communication with them from the beginning of the trial until the verdict is rendered, and that nothing shall occur outside of the trial which shall disturb their minds, leaving the jury entirely occupied with a consideration of the case which they are sworn to try (Shaw v. State, 83 Ga. 92, 9 S.E. 768; 134 Am.St.Rep. 1040, note);

. . . . (4) that all courts are agreed that no communication whatever ought to take place between the judge and the jury after the cause has been committed to them, unless in open court, and, if practicable, in the presence of counsel in the cause (Johnson v. State, 100 Ala. 55, 14 So. 627; Cooper v. State, 79 Ala. 54; McNeil v. State, 47 Ala. 498; Rafferty v. People, 72 Ill. 37; State v. Rowell, 75 S.C. 494, 56 S.E. 23), and no improper communication be had between jurors and court officers while deliberating and trying to reach a verdict (134 Am.St.Rep. 1047); . . .." Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687, 691.

In reviewing a trial had on an indictment for murder, this court, in an early case, had this to say:

"The objection urged in this case for a new trial is, that during an adjournment, pending the trial, one or more of the impanelled jurors was permitted to absent himself from the body of the jury, unattended by an officer. It is not shown that these jurors conversed with any person, or were conversed with, while they were so absent from their fellows. The implications from the bill of exceptions are, that such was not the case. The mere fact that jurors, pending a trial for felony, are not kept together in the care of an officer, is not necessarily ground for a new trial. In appellate courts which entertain jurisdiction on appeal from orders overruling such motions, a new trial is not a matter of course, from the mere fact that the jury had not been, all the while, kept together under the eye of the officer. Some courts hold that, *prima facie,* such irregularity calls for a new trial, and the *onus* is on the prosecution to show affirmatively that the jury had not been tampered with. Possibly, this is the safer and sounder rule. The inquiry is easily made, and a proper investigation had, in the court trying the cause. If any of the jurors have been conversed with, on questions affecting the prisoner's guilt; or, if other influences have been exerted, which may have biased their deliberations, a new trial should be granted. On the other hand, if there be an entire negation of such interference, there is no ground for setting aside the verdict. Williams v. State, 45 Ala. 57; Morgan v. State, 48 Ala. 65; Williams v. State, Id. 85; 1 Bish.Cr.Proc. §§ 993, 999, and note 4." Butler v. State, 72 Ala. 179, 180.

*Butler* has been cited and followed many times as an inspection of Shepard's Alabama citations will show. In one such case this court said:

"But such separation pending a trial is said to be not necessarily ground for a new trial, but is sufficient to show a prima facie right to it, and the burden is upon the state, after such separation is shown, to prove that the jurors conversed with no one affecting the prisoner's guilt, and that no other influences were exerted which may have biased their deliberations. Butler v. State, 72 Ala. 179; Davis v. State, 209 Ala. 409, 96 So. 187; Thompson v. State, 23 Ala.App. 565, 129 So. 297." Arnett v. State, 225 Ala. 8, 9, 141 So. 699.

The rule, that a showing by defendant of improper conduct on the part of or affecting the jury places on the state the *onus* of showing that no prejudice resulted to defendant, appears to have been applied in two cases in which an officer of the court improperly remained in the jury room.

In Lakey v. State, 206 Ala. 180, 89 So. 605, an appeal from conviction for murder in the second degree, the court said:

"Some other exceptions would ordinarily deserve special notice, but they can hardly recur in the form now presented, and, for that reason, adjudication as to them may be pretermitted. We will say, however, that the presence of the bailiff or deputy sheriff in the jury room for a period of time variously estimated at from 10 to 30 minutes should not be allowed to recur. His

presence there was not upon any necessary occasion, and was questionable at best; and this we say though the evidence taken upon the motion for a new trial tended to show that there was no communication between the deputy and the jury on the subject of the pending case. . . . . (206 Ala. at 182, 90 So. at 606.)

The reference to the evidence taken on the motion for new trial would indicate that on the hearing of the motion for new trial, evidence was introduced which rebutted the prima face presumption of prejudice which arose from showing that the deputy remained in the jury room from 10 to 30 minutes.

In Satterfield v. State, 212 Ala. 349, 102 So. 691, also an appeal from conviction for murder in the second degree, the opinion by the late Chief Justice Gardner recites in part as follows:

"During the deliberations of the jury on defendant's case, the bailiff having the jury in charge went into the jury room; either having been called into the room for some purpose by one of the number, or going to see if his services were needed. The time he remained in the room varies according to the recollection of the witnesses from one to five minutes. The evidence is without conflict that the merits of the case were not in any way discussed, but the bailiff was asked by some one or more of the jurors whether or not 'second degree murder would carry 25 years.' Some of the witnesses state that the bailiff answered some questions as to the number of years fixed as punishment for manslaughter in the first degree, and murder in the second.

" . . . . . . . . .

"While all of this was very irregular and improper, and to be condemned, yet, when it affirmatively appears the irregularity was without injury or prejudicial effect upon the defendant's cause, a reversal cannot be rested upon the ac-

tion of the court in overruling the motion for a new trial upon this ground." (212 Ala. at 350, 351, 102 So. at 693.)

By stating that, " . . . . it *affirmatively* appears the irregularity was without injury or prejudicial effect upon the defendant's cause . . . . ," (Emphasis Supplied) the court apparently recognized the "onus" on the prosecution to rebut the presumption of prejudice.

In Gregg v. State, 43 Ala.App. 538, 195 So.2d 803; certiorari denied, 280 Ala. 714, 195 So.2d 807; an appeal from conviction for assault with intent to rob, the Court of Appeals, in considering the effect of a statement made by the bailiff to the jury, said in part:

"This impropriety raised a presumption (like that arising from a separation of the jury) which the State must rebut to show that the verdict was not the result of the bailiff's remark.

"We consider that the State's counter evidence on the motion for new trial did overcome the presumption of jury tampering." (43 Ala.App. at 541, 195 So.2d at 806)

"It is established that in their deliberation the jury should be separated from and uninfluenced by the outside world. Any misconduct that might influence the jury, affect the verdict rendered or the punishment fixed, is a cause for a new trial. The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned, as to its nature, character, or degree, or the amount and extent of the punishment fixed by the jury within the statute. . . . . " Oliver v. State, 232 Ala. 5, 10, 166 So. 615, 617.

■ In the instant case, no evidence was offered by the state to rebut the presumption of prejudice. The fact that after the bailiff's conversation, the court did give

further instructions to the jury may support an inference that part of the conversation between bailiff and jury had reference to further instructions, but such fact does not show there was no other subject discussed in the conversation and does not rebut the presumption of prejudice. The affidavits and circumstances do not support an inference that nothing else was discussed by the jury and the bailiff. Other matters may or may not have been discussed. There is no way to tell with any reasonable certainty in the case here presented. For lack of rebutting evidence, the trial court erred to reversal in overruling the motion for new trial.

For error in affirming the action of the trial court in this respect, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Criminal Appeals.

Reversed and remanded.

SIMPSON, MERRILL, HARWOOD, BLOODWORTH, MADDOX and Mc-CALL, JJ., concur.