The appellant was convicted of first degree murder and sentenced to life in the state penitentiary. The record is replete with evidence, including the appellant's own testimony, which fully warranted the jury in finding him guilty beyond a reasonable doubt.
The appellant filed a motion for new trial on May 3, 1978, and on May 10th amended that motion to include an averment that the verdict be set aside because during the trial the court's bailiff informed the jury that they were sequestered at the request of the appellant. After a hearing the motion was denied.
The sole question presented for review is whether the trial court should have granted the appellant's motion for a new trial due to the unauthorized statement made to the jury by the bailiff during the course of the appellant's trial when the matter was discovered but not objected to at trial.
The appellant was tried and found guilty in the same day. The jury was never sequestered.
Without conflict the evidence reveals that, after practically all the jurors had returned to the jury box from the lunch recess and before the trial judge had come back into the courtroom on the day of the trial, the bailiff, in response to a question asked by a female juror concerning whether the jury would have to stay overnight, told the lady that "when they went in to reach a verdict, they would be kept together at the request of the Defendant". Shortly after the comment was made defense counsel and the bailiff walked out in the hall and defense counsel stated that, "I told him he should not say things like that and he admitted to me he now realized he had done wrong, but he wasn't schooled in the law".
This is not a case dealing with improper jury separation. Rather, this case involves improper communication with the jury.
There can be no question that the bailiff's statement was improper. The bailiff is an officer of the court. Brickley v.State, 286 Ala. 546, 243 So.2d 502 (1970). The basic import of Alabama Code Section 12-16-9 (1975) is to prevent the jury from discovering through the court whether or not they will be allowed to separate pending the trial due to the consent or withholding of consent by the accused, his counsel or the prosecuting attorney. The jury should not be prejudiced either for or against the defendant by their learning that he accorded or refused to accord them the privilege of separation. Kennedyv. State, 291 Ala. 62, 277 So.2d 878 (1973).
However, during the trial no objection was made to the bailiff's comment even though appellant's counsel heard the bailiff's statement and knew that it was improper. Neither was a curative instruction requested nor a motion for a mistrial made. In fact, based on the record, the first instant the trial court was advised of *Page 1012 
the bailiff's remark to the juror was after the appellant's filing of his amended motion for a new trial. This did not timely preserve error and reveals a calculated waiver.
This case is unlike those where the improper communication is not discovered until after the jury deliberations are begun or where the communication does not come to the knowledge of the accused or his counsel until after the verdict has been rendered. In those situations the motion for new trial is usually the initial and only way in which the accused may raise the objection and preserve any possible error for review on appeal.
In this case trial counsel for the appellant knew long before the conclusion of the trial that an irregular comment had been made to the jury, that the remark was improper and could have a prejudicial effect upon his client. He could have (1) objected to the remark when court reconvened after the lunch recess and asked for curative instructions that the jury disregard the bailiff's comment, or (2) he could have made a motion for a mistrial. Having these remedies available, he instead chose to do nothing, gambling upon a favorable verdict.
As has been said in cases involving jury charges, to allow defendant to complain of error at a later time would give him the opportunity to be aware of the error, but to remain silent, speculate on a favorable verdict, and in the event of an unfavorable verdict to obtain reversal on a ground which defendant deliberately chose not to raise by exception taken at the appointed time. Cox v. State, 280 Ala. 318, 193 So.2d 759
(1967); Hafley v. State, 342 So.2d 408 (Ala.Cr.App. 1977). This rationale is equally applicable in the present situation.
 "With knowledge at the time of trial of the facts forming a basis for an objection to trial, it constitutes a specie of estoppel for one to forego an objection and proceed with the trial in the hope, often a lively hope, of a verdict in his favor. After such a venture that has failed, he should not be permitted to obtain another trial by the assertion of a claim he could have made before his trial." Hill v. State, 57 Ala. App. 437, 440, 329 So.2d 126, 128
(1976).
The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections.Butler v. State, 32 Ala. App. 39, 21 So.2d 704, cert. denied,246 Ala. 553, 21 So.2d 705 (1945); Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958); Lucky v. State, 50 Ala. App. 324,278 So.2d 772 (1973); Vinet v. State, 38 Ala. App. 299,83 So.2d 357, cert. denied, 263 Ala. 701, 83 So.2d 359 (1955).
 "(A) new trial will not be granted for matters pertaining to rulings, evidence, or occurrences at a trial, including erroneous conduct on the part of the court, counsel, or jury, unless timely and sufficient objections, requests, motions, or exceptions have been made and taken. Any grounds which might have been afforded by such matters are presumed to have been waived, except where such matters were unknown to applicant until after verdict and could not have been discovered by the exercise of reasonable diligence, and except in instances of fundamental errors which of themselves invalidate the trial." 24 C.J.S. Criminal Law § 1428 (1961).
See also 24 C.J.S. Criminal Law § 1449 (2) at p. 107 (1961).
We have carefully searched the record and found no error affecting the substantial rights of the appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur. *Page 1013