McMillan, judge.
The appellant was convicted of murder, in violation of § 13A-6-2, Code of Alabama, (1975), and was sentenced to 20 years’ imprisonment. Although the appellant has raised four issues on appeal, because one requires a reversal, the remaining issues will not be discussed.
Following the trial, the appellant made a motion for a new trial, arguing that he did not receive a fair and impartial trial because the jury was told, outside the presence of the appellant or his attorney, that they had to reach a unanimous verdict before they could leave the jury room. The appellant attached two sworn affidavits from members of the jury. One of the affidavits states as follows (in pertinent part):
“After hearing all of the evidence in the trial and the judge’s charges, I was under the mistaken opinion that I had to agree with other members of the jury to *571 bring back a guilty verdict of murder against Michael Henry. I was not convinced beyond a reasonable doubt that Michael Henry was guilty of murder nor were other members of the jury. I went along with the other members of the jury only because I was under the opinion that we would not be allowed to leave the jury room unless a unamimous verdict was reached....
“When several of us did not want to go along with the murder verdict, one of the jurors knocked on the door and asked if we had to have a unanimous verdict, we were told we had to reach a unanimous verdict.
“I approached Mr. Marsal, Michael Henry’s attorney, immediately after the trial to voice my disapproval of what had happened and to let him know about my confusion over the verdict. Had I been aware of the fact that I could have caused a mistrial by not going along with the other members of the jury I would have; however I did not know what a mistrial was and once again I thought that before we could leave the room a verdict had to be unanimous.”
The other affidavit substantiated the mistaken belief and the allegation that if the jurors had known that they did not have to reach a unanimous verdict, and a mistrial could have been declared, the jury member would not have voted to find the appellant guilty of murder.
A brief hearing on the motion for new trial was held in which defense counsel claimed that it was improper and highly prejudicial for the members of the jury to be so charged outside the presence of the parties. The prosecutor based his argument on the general rule that evidence of what a juror thought or the reason behind his agreement to a verdict may not be used to impeach the jury’s finding. He further argued that, based on Atwell v. State, 354 So.2d 30 (Ala.Cr.App.1977), cert. denied, 354 So.2d 39 (Ala.1978), a juror’s affidavit cannot be received as evidence to impeach a jury’s verdict. The trial judge stated that, although he had not reviewed the record, he usually informed the jury that in order to convict a defendant, all twelve jury members had to be convinced of his guilt beyond a reasonable doubt and that, if they were unable to so find, twelve more people would be chosen on another date, with the same witnesses, court reporter, and lawyers “and do this thing over, and get twelve other people to do what you didn’t do.” The court further stated that if the members of the jury did not understand that concept, it was not the court’s fault. He also asserted that under the evidence it was clear that the appellant was guilty.
Reversible error is committed where additional instructions are given to the jury out of the presence and hearing of the defendant. Montgomery v. State, 42 Ala.App. 345, 164 So.2d 717 (1964). “ ‘[T]he continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him.’ Neal v. State, 257 Ala. 496, 497, 59 So.2d 797, 798 (1952). See also Thomas v. State, 399 So.2d 915, 923 (Ala.Cr.App.1981); Graves v. State, 377 So.2d 1129 (Ala.Cr.App.), cert. denied, 377 So.2d 1130 (Ala.1979).” Donahoo v. State, 505 So.2d 1067, 1075 (Ala.Cr.App.1986).
“ ‘To secure to one accused of crime a fair and impartial trial, general rules as to the policy of the law are: (1) To keep the jury in a criminal case entirely separated from the world, permitting no outside communication with them from the beginning of the trial until the verdict is rendered, and that nothing shall occur outside the trial which shall disturb their minds, leaving the jury entirely occupied with a consideration of the case which they are sworn to try (Shaw v. State, 83 Ga. 92, 9 S.E. 768; 134 Am.St.Rep. 1040, note); .... (4) that all courts are agreed that no communication whatever ought to take place between the judge and the jury after the cause has been committed to them, unless in open court, and, if practicable, in the presence of counsel in the cause (Johnson v. State, 100 Ala. 55, 14 So. 627; Cooper v. State, 79 Ala. 54; McNeil v. State, 47 Ala. 498; Rafferty v. *572 People, 72 Ill. 37; State v. Rowell, 75 S.C. 494, 56 S.E. 23), and no improper communication be had between jurors and court officers while deliberating and trying to reach a verdict (134 Am.St.Rep. 1047); _’ Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687, 691.”
Brickley v. State, 286 Ala. 546, 243 So.2d 502, 505 (1970).
Furthermore, while the jurors’ affidavits were inadmissible to show the nature of deliberations or how their deliberations were influenced by any outside factors, Law v. State, 407 So.2d 572, 574 (Ala.Cr.App.1981), they are competent evidence of any extraneous facts which occurred during their deliberations and may have influenced their verdict.
“The affidavit of a juror may ... be allowed to show extraneous facts which may have influenced their verdict. Clay v. City Council of Montgomery, [102 Ala. 297, 14 So. 646]; Ala. F. & I. Co. v. Rice, [187 Ala. 458, 65 So. 402]; McCormick v. Badham, [204 Ala. 2, 85 So. 401].” Taylor v. State, 18 Ala.App. 466, 93 So. 78 (Ala.App.1922). See also Richardson v. State, 439 So.2d 756 (Ala.Cr.App.1983). Thus in Taylor, supra, the defense sought to introduce, through the testimony of three jurors, evidence that the sheriff told the jury members while they were considering the case that: “ ‘the judge would not permit the jury to make a mistrial in this case;’ ‘there was a large bunch of good citizens here and around the courthouse, who are waiting to see whether they would convict the defendant or not;’ ‘that the judge of this court would not be satisfied unless the jury convicted the defendant.’ ” Id., 18 Ala.App. at 466, 93 So. at 78. The court held that the appellant’s motion for a new trial, based on the sheriff’s conduct, should have been granted in that it might have affected the jury’s verdict. The court found that “the conduct of the sheriff complained of may have been honest, indeed, no doubt, was absolutely free of any intentional wrongdoing; but can it be said from the facts in this case, that the verdict might not have been affected by his conduct?” Id. 18 Ala.App. at 467, 93 So. at 79.
A defendant was found to have been denied his rights to a fair trial and consideration of his case by a jury free from outside influence, in Lowery v. State, 23 Ala.App. 191, 122 So. 603 (1929). The facts of that case are similar to those in the present case and were summarized as follows:
“After the jury had retired to the jury room to consider the case, and had been out for some 1 ½ to 2 hours, one of the jurors went to the door of the jury room and made it known to the sheriff that the jury had not arrived at a conclusion, and wanted to know what would be done in the case, and if they could report a mistrial. The sheriff, who had charge of the jury, without reporting to the judge, said, ‘You will have to stay here a while,’ or ‘You will have to stay here.’ This was about 5 o’clock in the afternoon, and at that time the jury was divided between conviction and acquittal. The conversation between the juror and the sheriff, in the hearing of the jury, according to the juror, was: ‘Mr. Berry [sheriff] was called or came to the jury room, in response to a call by me, or some of the jurors, and was told that it did not look as if we were going to reach an agreement, and that he said, “Well, you will have to stay there then; you will have to stay there.” ’ ” 23 Ala.App. at 192, 122 So. at 604.
As to the use of affidavits, an appellant’s motion for new trial was held to have been improperly denied where it asserted that he was prejudiced by the bailiff’s entering the room where the jury was deliberating and remaining in the room with the jury behind the closed door for one to eight minutes. Ex parte Brickley, supra. The defendant in Brickley filed affidavits in support of his motion to show that the bailiff remained with the jury: “The affidavits further show[ed] that the bailiff returned to the courtroom and had a conversation with the trial judge, which conversation is unknown to affiant; and that shortly thereafter the jury was returned to the court and received further instructions.” 286 Ala. at 548, 243 So.2d at 504. Moreover, in Donahoo v. State, supra, the appellant filed a motion *573 for new trial, along with a sworn affidavit from a member of the jury and the defense counsel, which stated that the court made a written reply to a question asked by the jury after it had begun its deliberations and did not inform the appellant or defense counsel of the question or that the judge had replied to the question. In remanding this matter for an evidentiary hearing, this court wrote:
“Although there is nothing in the trial transcript here to indicate that improper communications with the jury occurred, see Daniels v. State, 416 So.2d 760, 762 (Ala.Cr.App.1982), the defendant did not rely on unverified assertions in his motion for new trial, but attached sworn affidavits as evidence of the facts alleged. Cf. Daniels, 416 So.2d at 762.” 505 So.2d at 1075.
Thus, the appellant made a sufficient showing of improper conduct affecting the jury. Such a showing places on the State “the onus of showing that no prejudice resulted to defendant.” Brickley v. State, 286 Ala. at 549, 243 So.2d at 505, citing Lakey v. State, 206 Ala. 180, 89 So. 605 (1921); Satterfield v. State, 212 Ala. 349, 102 So. 691 (1925). See also Gregg v. State, 43 Ala.App. 538, 195 So.2d 803 (1966), cert. denied, 280 Ala. 714, 195 So.2d 807 (1967) (wherein the court stated, in considering the effect of a statement made by the bailiff to the jury, “This impropriety raises a presumption ... which the State must rebut to show that the verdict was not the result of the bailiffs remark”). Because the prosecution presented no evidence during the hearing to rebut this presumption, the conviction must be reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.