I disagree with the majority's conclusion in Part II that "[no] new facts were introduced to the jury by the juror's enactment" of trying on the appellant's pants, having his hands bound behind him, and experimenting to see whether he, like the appellant is alleged to have done, could have reached his pockets in that position. The majority's finding that "[t]he jury was not in possession of any evidence that was not introduced at trial" is simply wrong. Although the pants were introduced into evidence at trial, the appellant did not wear the pants, did not have his hands bound, and did not have his "arms' reach" measured. Clearly, this was an "experiment" by the juror.
Defense counsel, however, on hearing of the experiment at trial made no objection but gambled instead on the verdict of the jury, and therefore, waited to raise the issue in his motion for new trial. This constituted a waiver of objection. "The grounds urged for a new trial must ordinarily have been preserved at the trial by timely and sufficient objections."Fuller v. State, 365 So.2d 1010, 1013 (Ala.Cr.App. 1978), cert. denied, 365 So.2d 1013 (Ala. 1979).