266 So.2d 316

**Donald Lee HALE**

v.

**STATE.**

**7 Div. 111.**

Court of Criminal Appeals of Alabama.

June 13, 1972.

Rehearing Denied Aug. 1, 1972.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

French & Nelson, Fort Payne, for appellant.

CATES, Judge.

Robbery: sentence, ten years and a day.

I

Appellant's brief makes a number of claims of error as to the lack of all possible jurors being on the jury roll. In Buckelew v. State, 48 Ala.App. 411, 265 So.2d 195 (ms. May 30, 1972, 8 Div. 169), we found a similar argument to be but a judicial titmouse garbed in the plumage of an eagle. We reject it here.

**514**

## II

We are asked to find error in the following ruling of the trial judge:

"Q Mr. Steele, you testified a while ago that you didn't remember what time you went to the Post Office. In order to refresh your recollection I refer to a habeas corpus hearing of Gerthe Mae Stevens that was taken on the 11th day of October, 1968, before Judge Haralson in this Court, if on that occasion whether or not you testified that you went to the Post Office about 7:45?

"A It generally takes me fifteen minutes or more to sweep up and put the money in the cash register. I remember what time I got down there at the store because I was late.

"Q You don't recall whether you said that or not?

"A If I did, I say I took time to put the money in the cash register.

"Q Was it around 7:45?

"A I wouldn't say exactly.

"Mr. Black: We object to that.

"The Court: He said he didn't remember the time.

"Mr. French: He didn't deny he said it.

"The Court: He said he didn't remember that he said it.

"Mr. French: What is the Court's ruling on that?

"The Court: I sustain the objection to the question."

Nothing has been reserved for our review. Ala.Digest, Criminal Law ⬦693, begins as follows:

"* * * an objection to a question after it has been answered comes too late."

Supporting this statement twenty-eight cases are cited; more are in the supplements.

## III

Appellant claims the court erred in refusing his written charge as to alibi. He complains that the oral charge in referring to "the testimony of the Defendant with respect to the alibi" was in effect shifting the burden of proof to the defendant.

However, the entire pertinent part of the oral charge anent alibi reads:

"As I have said, in answer to that charge in the indictment, the Defendant says that he is not guilty. Of course, as I have explained to you, that places the burden on the State to satisfy you of the Defendant's guilt beyond a reasonable doubt before you could convict the Defendant. But the Defendant comes into Court and says further that he is not guilty and interposes a defense known to the law as an alibi; that is the Defendant offered testimony that he was not at the place where the alleged crime was committed. That is what is known in the law as an alibi. He offered evidence that he wasn't at the place, but was at some other place. It is the law in this State, Ladies and Gentlemen of the Jury, that if the testimony of the Defendant with respect to the alibi is sufficient to generate in your minds a reasonable doubt as to whether this Defendant actually was there and participated in the alleged robbery, he would be entitles [sic] to an acquittal at your hands."

All the alibi proof came from defense witnesses.

While perhaps to a lawyer the expression interposing "a defense" might connote an affirmative defense, nevertheless we consider that the last quoted sentence—as to the generation of a reasonable doubt—functionally described a non-affirmative defense, i. e., one that inheres in a plea of not guilty. We do not think the comment in Canty v. State, 242 Ala. 589, 7 So. 2d 292, applicable here.

We have considered the entire record under the requisites of Code 1940, T. 15, § 389, and conclude that the judgment below is due to be

Affirmed.

All the Judges concur.