278 So.2d 772

Edward LUCKY

v.

STATE.

2 Div. 108.

Court of Criminal Appeals of Alabama.

April 17, 1973.

Rehearing Denied May 29, 1973.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, III, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was indicted, tried, and convicted of murder in the first degree and sentence fixed at imprisonment for life. From this judgment of the lower court he has appealed.

No motion to exclude the evidence was made by appellant in the trial court nor request for the affirmative charge but a motion for a new trial was filed after the verdict and overruled later by the court.

The State relied upon three eye witnesses, Willie Jackson, Robert Miller, and Har-riett Miller, to the shooting and killing of Walter Ray Snoddy at the home of Har-riett Miller in Eutaw, and also examined Cecil Rhodes, the police chief, who testified as to an alleged confession.

Willie Lee Jackson testified that appellant and his brother were in the Miller home when the deceased arrived there and that appellant told the deceased that he was going to kill him and when Lucky's brother shoved deceased back against the wall, appellant shot him in the head with a pistol; that deceased had nothing in his hands at the time. Robert Miller and Har-riett Miller both testified that when the deceased was was shot the brother of appellant was holding him, but they did not notice whether deceased had anything in his hand. The testimony of none of the three was inclusive of all details testified to by the others, but was substantially the same as to the shooting.

The appellant relied upon self-defense and claimed that deceased was trying to strike him with a hammer; and further denied threatening to kill him.

Murder in the first degree is ordinarily defined as the willful, deliberate, premeditated and malicious killing of one person by another. Cosby v. State, 269 Ala. 501, 114 So.2d 250.

The evidence presented by the State made a prima facie case and the case was properly submitted to the jury on the factual issues.

Appellant argues that he was not fully advised of his Miranda rights by police chief Cecil Rhodes, as shown by the record, before the officer was allowed to testify to the alleged statement made to him by appellant. The record shows the following questions and answers relative to this question:

"Q Did you warn him of his rights thoroughly, and if so, what warning did you give him?

"A Yes sir, I did. I read him the standard card which is issued to all officers in regard to his right to remain silent and anything that he said could and would be used in court against him.

"Q Just tell us how you warned him, the words you used.

"A I told him before we discussed any aspects of the case that I wanted to read him his rights, and I read him the following statement: You have the right to remain silent. Anything you say can and will be used in court against you.

"MR. HALL: We object.

"THE COURT: Overrule the objection.

"A You have the right to an attorney. You have a right to have an attorney present while you are being questioned. If you can not afford an attorney, the state of Alabama will furnish you one. Upon finishing that I asked him if he understood his rights.

"Q Did he say he did?

"A Yes sir.

"Q You said he made a statement to you then?

"A Yes sir.

"Q That's Edward Lucky we're talking about?

"A Yes sir.

"Q What did he state to you?

"A He stated that the subject was coming on him with a chair and that he shot him.

"Q What is the name of the person that was coming on him with a chair? Did he say who that was?

"A James Snoddy.

"Q The decedent in this case is Walter Ray Snoddy.

"A Correction. It was Ray Snoddy. There is a James Snoddy also.

"Q Did he tell you what weapon he used?

"A Yes sir. He said he used a 32 pistol."

It appears that the only objection interposed was after the answer to the second question in the above quoted matter. The court properly overruled this objection. It further appears that objection was made after answers to the questions. Objection is waived where not timely made. Carpenter v. State, 42 Ala.App. 618, 174 So.2d 336. See Alabama Digest, Criminal Law, Volume 6A, ☞698(1) for cases enumerated on this point. No further effort was made to invoke any ruling as to the validity of any of the remaining questions or answers set out. The confession was not objected to, but was allowed to be developed without hindrance. (Possibly, we interpolate, because of its favorable character to the appellant.)

Where no ruling of the court is invoked at *nisi prius,* there is nothing for the court to review and objection cannot be first made on motion for new trial in order to bring the matter before this court.

The motion for a new trial was properly overruled.

In our search of the record, we have found no error of a reversible nature and no reason to prolong this opinion. This case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.