BILLY C. BURNEY, Circuit Judge.
Appellant was convicted of contributing to the delinquency of a minor and sentenced to twelve months hard labor in the Houston County Jail from which he appealed.
I
On February 26, 1976 Benny James Smiley, the defendant in this case, got on a bus driven by Nathaniel Harris, which operated in the City of Dothan, Alabama, and its purpose was to transport school children to the Carver Junior High School. Nathaniel Harris was an employee of the transportation system, and Benny James Smiley was a friend of the driver, Harris, and had no purpose on the bus other than to be there with his friend. In the course of picking up students to deliver to the Carver Junior High School, Patsy Cumbie and Tommy Murphy came aboard the bus; each was fifteen years of age. The defendant, Benny James Smiley, was twenty-three years of age, and the driver, Nathaniel Harris, was approximately twenty-two years of age. Somewhere between the point of pickup of Patsy Cumbie and Tommy Murphy and the Carver Junior High School, the defendant, Benny James Smiley, and the two minors exited the bus and walked to the residence in the City of Dothan of Benny James Smiley. After arriving at Smiley’s residence and listening to the radio and talking for approximately fifteen minutes, in came Nathaniel Harris. Present in the Smiley residence at this time was the defendant, Tommy Murphy, Patsy Cumbie, and Nathaniel Harris; they were all in the same room. After the arrival of Harris, the evidence in the case shows that he and Patsy Cumbie were on the bed kissing and caressing. Shortly thereafter, according to the testimony, they were under the covers and hav *492 ing sexual relations; all in the presence of Benny James Smiley and Tommy Murphy. The evidence further shows that shortly thereafter officers from the Juvenile Division of the Dothan Police Department came to the residence and arrested Benny James Smiley, who was subsequently charged with and tried for contributing to the delinquency of a minor.
II
The claim of error raised here by the defendant was whether the District Attorney’s questioning of the State’s witness, Tommy Murphy, as to the race of Nathaniel Harris and Patsy Cumbie was error. Quoting from the transcript, page seven:
“Q. All right. Now, what, what race is Nathaniel?
“A. He’s black.
“Q. And what race is Patsy?
“A. She’s white.”
A careful study of the transcript shows that there was no objection or comment raised either to the question or response, and neither was there a motion to exclude the question and response at the close of the testimony, nor was there a motion for a mistrial, at the trial by defendant’s counsel, and that the first time this issue was raised was on appeal.
It has long been the law in this State that matters such as this cannot be raised for the first time on appeal, and that the failure to make objections or to take steps to remove the claimed illegal evidence is a waiver of that right. Under the judicial rules governing objections to evidence, appellant, if he wished to preserve the matter in this Court, should have objected to either the question, Embrey v. State, 283 Ala. 110, 116, 214 So.2d 567 (1968), or the response, Willingham v. State, 261 Ala. 454, 458, 74 So.2d 241 (1941).
With reference to waiver, it has been held by this Court: “Where no ruling of the court is invoked nisi prius, there is nothing for the court to review and objection cannot be made (after the question) in order to bring the matter before (the appellate) court.” Lucky v. State, 50 Ala.App. 324, 326, 278 So.2d 772, 775 (1973).
III
As for the adverse rulings at trial, this Court has adhered strictly to the general rule that “the test of probative value or relevance of a fact is whether it has any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration.” McCain v. State, 46 Ala.App. 627, 630, 247 So.2d 383, 386 (1971).
IV
We have searched the record as required by law, and from our examination we conclude error is not made to appear, and the judgment of the lower court is affirmed.
The foregoing opinion was prepared by Honorable BILLY C. BURNEY, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, Title 13, Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.