BOWEN W. SIMMONS, Retired Circuit Judge.
Pursuant to an indictment, a jury convicted appellant-defendant of assault with intent to murder. The trial judge fixed punishment at ten years imprisonment.
Appellant and his victim, Sherman Rice, friends for several years, got together on the morning of November 3, 1977, and went for a ride in appellant’s automobile. They bought some wine and beer, which was consumed by both of them. They stopped at the home of appellant’s girl friend where they visited for awhile. They resumed riding in the automobile. Upon reaching a point on a road in Jefferson County, appellant stopped the car and they both got out. The victim testified that defendant then said, “This is the end of your life” and opened fire with three shots. The bullets all struck Rice. He was badly wounded. Defendant took off. He stopped at a filling station and called the police. An officer arrived and placed him under arrest.
Defendant testified to a different version. He asserted that the victim tried to cut him with a “hawk billed” knife and then, in self-defense, he shot Rice. There were numerous conflicts in the testimony as to who was the aggressor and just what did happen. At least there was no dispute about their consumption of some wine and beer plus a visit to a girl’s house.
The conflicts in the evidence were for resolution of the jury. The verdict was adverse to defendant’s contention that he acted in self-defense. We think the evidence was sufficient to prove defendant’s guilt beyond a reasonable doubt, although there was considerable conflict.
Appellant asserts that the trial court erred in permitting the victim to testify, over defendant’s objection, that defendant had shot at him or had shot him before that day. The witness, Rice, answered in the affirmative before the objection was made. The objection came too late. Hale v. State, 48 Ala.App. 513, 266 So.2d 316(1), cert. den. 289 Ala. 744, 266 So.2d 318; Lucky v. State, 50 Ala.App. 324, 278 So.2d 772(4). See also Alabama Digest, Vol. 6A, @=>693 for additional cases.
We have read the entire record and fail to find any ruling that mandates a reversal of the judgment of guilt. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.