First degree murder; sentence: life imprisonment.
During the early morning hours of September 29, 1978, the appellant shot and killed his ex-wife, Helen Tuck, with a sixteen-gauge shotgun at her home in Birmingham.
Prior to the fatal shooting, the appellant and the deceased had been together at a local lounge where they had had an argument. It appears that the couple had been recently divorced. The evidence is undisputed that the appellant committed the crime and that the State presented sufficient evidence to establish a prima facie case. Consequently, a more complete rendition of the facts is unnecessary.
 I
The appellant contends that the trial court erred in overruling his objections to questions propounded to Jay Glass, Chief Medical Inspector of the Jefferson County Coroner's Office, concerning injuries sustained by the deceased. He asserts that such testimony was not relevant to the cause of death and was introduced solely to prejudice and inflame the jury.
The questions and answers complained of are:
 "A. A contusion by definition is a breakage of blood vessels beneath the skin without breaking the skin and it is consistent with some form of blunt injury.
"Q. Could it be consistent with a blow of the fist?
"MR. PICKARD: Objection.
"THE COURT: Overruled.
. . . . .
"A. It could be.
 "Q. These injuries that you described around the neck, could they be consistent with fingernails, caused by someone's hands around one's neck?
"A. They could.
"MR. PICKARD: We object.
"THE COURT: Overruled."
The trial court committed no error in allowing the witness to answer the first question quoted above. The qualifications of Mr. Glass as an expert witness were *Page 1242 
extensive and were stipulated to by the appellant. He was certainly qualified to describe the nature and extent of the wounds and injuries found on the deceased's body and to state his opinion as to the manner or means by which they could have been inflicted. White v. State, 294 Ala. 265, 314 So.2d 857
(1975); Thomas v. State, 249 Ala. 358, 31 So.2d 71 (1947).
The appellant's objection to the second question and answer above was raised after the witness had answered. There was no motion to exclude the answer. The objection therefore came too late. Hicks v. State, Ala.Cr.App., 372 So.2d 61 (1979);Burlison v. State, Ala.Cr.App., 369 So.2d 844, cert. denied, Ala., 369 So.2d 854 (1979); 6A Alabama Digest Criminal Law § 693.
We likewise note that both objections above were general. General objections to evidence are unavailing if the evidence is admissible for any purpose. Nichols v. State, 267 Ala. 217,100 So.2d 750 (1958); Stringer v. State, Ala.Cr.App.,372 So.2d 378, cert. denied, Ala., 372 So.2d 384 (1979).
 II
The appellant contends that the trial court erred in refusing to exclude the answer to the following question asked Samuel Dumas, a friend of the deceased's son who was his house guest on the night of the shooting:
"Q. How did he [appellant] appear to you?
 "A. Really, it only appeared to me that he was in anger. Mad."
We find no error on the part of the trial judge in this instance. The law in Alabama is clear that a witness may testify whether another person appeared to be mad or angry.Tagert v. State, 143 Ala. 98, 39 So. 293 (1905); Dozier v.State, Ala.Cr.App., 337 So.2d 148 (1976); Gamble, McElroy'sAlabama Evidence, § 127.01 (3), (3d ed. 1977). In Carney v.State, 79 Ala. 14 (1885), Chief Justice Stone wrote:
 "Human emotions and human passions are not, in themselves, physical entities, susceptible of proof, as such. Like the atmosphere, the wind, and some acknowledged forces in nature, they are seen only in the effects they produce. Pleasure, pain, joy, sorrow, peace, restlessness, happiness, misery, friendship, enmity, anger, are of this class. So, tenderness, sympathy, rudeness, harshness, contempt, disgust, the outcrop of emotional status, cannot, in their constitution, be made so far physical facts, or entities, as to become the subject of intelligible word description. They are proved by what is called opinion evidence. Not the mere unreasoning opinion, or arbitrary conclusion of the witness, but his opinion based on experience and observation of the conduct, conversation, and facial expression of others, in similar emotional conditions. Facial expression and vocal intonation are so legible, as that brutes comprehend them; and yet human language has no terms by which they can be dissected, and explained in detail. The reasoning in such cases is a posteriori, and the major proposition is but the sum or resultant of every one's experience and observation. . . ."
 III
Appellant asserts that the trial court erroneously instructed the jury on the defense of voluntary intoxication as it applies to second degree manslaughter, a lesser included offense of first degree murder. We note that, after the trial court had completed its instructions and before the jury retired to deliberate, counsel for the appellant announced that he was satisfied with the trial court's oral charge.
The appellant also contends the trial court erred in failing to instruct the jury that voluntary intoxication may negate the first degree murder elements of premeditation and deliberation. However, the appellant did not request the trial court to so instruct the jury, nor did he submit a written charge covering that proposition. Without an exception to the oral charge being raised, neither of those assertions may be considered on appeal. Cox v. State, *Page 1243 280 Ala. 318, 193 So.2d 759 (1967); Sellers v. State, Ala.Cr.App., 353 So.2d 535 (1977).
AFFIRMED.
All the Judges concur.